### BROWN *vs.* FAY, sheriff of Jefferson.

A *sheriff* is not liable to a *landlord* for removing the goods of an *under tenant* from demised premises, leaving the rent unpaid, although notice of such rent being due is duly served.

DEMURRER to plea. This is an action against a *sheriff* for removing goods from off demised premises, and notice from the landlord of rent being due, and in arrear; leaving the rent unpaid. The sheriff pleads that the goods in question were taken by virtue of an execution against an *under tenant* of part of the demised premises, in whose possession such goods were, at the time of the taking. The plaintiff demurs.

S. *Stevens,* for plaintiff.

J. *A. Spencer,* for defendant.

*By the Court,* Savage, Ch. J.   The only question in this case is whether the landlord has this remedy against the sheriff for removing the goods of an *under tenant,* or whether it is not confined to the goods of his immediate tenant.

The language of the statute is very board : " That no goods or chattels whatsoever in or upon the demised premises. shall be liable to be taken by virtue of any execution," &c. unless the party suing the execution pay the landlord the rent due, not exceeding one year's rent.   Our statute, 1 *R. L.* 437, § 12, is almost a literal transcript of the 8 *Ann. ch.* 14, § 1, which received a construction in the first year of George the second, 1727, about 15 years after it was passed, in the case of John Burnet, 2 *Strange,* 787.   The whole case is as follows : " The case of John Burnet, Esquire, one of the masters of the high court of chancery.   He was a ground landlord of a house, in which an under lessee dwelt, against whom an execution was sued out.   The court was moved for a rule to pay Mr. Burnet a year's rent, pursuant to 8 *Anne, ch.* 14, but it was held, that this was not a case within the statute, which extends only to the immediate landlord ; and the case of *Carr* v. *Goldington,* was mentioned to have been so adjudged."   This is a very brief note, and not very satisfactory, but it seems to have been considered sound in England, and acquiesced in to the present time, as no case has been found overruling it ; on the contrary, this case is cited as good law by subsequent writers. *Woodfall, p.* 468, quotes the words of the report ; *Tidd,* 926, says the ground landlord is not within the act, where there is an execution against the under lessee, and cites 2 *Strange,* 787, and so does *Archbold,* 1 *Arch.* 261.   The same doctrine is found in *Dunlap,* 2 *Dunl.* 802 ; and the precedents of declarations, under this statute, state the execution to have issued against the *lessee.*   3 *Citty's Pl.* 450.   8 *Went. Pl.* 445.

The point seems, therefore, to have been long since settled, and having been acquiesced in for such a length of time, it ought not now to be unsettled, even if we were of opinion that the statute would bear a more liberal construction. The defendant's plea is good, and he is entitled to judgment.