QUACKENBOSS vs. CLARKE.

A *landlord* cannot maintain an action of *covenant* for arrears of rent against a party occupying demised premises, charging him as *assignee*, when in fact such party never had an *assignment* of the lease. He must seek his remedy in another mode.

ERROR from the Otsego common pleas. Clarke sued Quackenboss in a justice's court, and declared against him in *covenant*, as the *assignee* of a lease of certain premises demised by the plaintiff to one James Washington, on the 3d August, 1827, for the term of 31 years, subject to an annual rent of $20. He averred that the premises came to the defendant by *assignment*, and that three years rent became due, and remained unpaid on the 4th February, 1831. The defendant pleaded, admitting the lease, but denying that any assignment had ever been executed to him. The justice rendered judgment for the plaintiff, which judgment, on *appeal*, was confirmed by the Otsego common pleas. On the trial in the common pleas, it appeared that the *lessee* sold his interest in the demised premises to one George Hardy, but did not execute an *assignment* of the lease to him, and that Hardy, previous to any rent accruing on the lease, i. e. before the 4th February, 1829, sold his interest in the premises to the *defendant*, but did not execute an *assignment* of the lease, although he delivered the lease to the defendant. It further appeared that in the years 1830 and 1831, the premises were occupied by a cropper, under the defendant, who worked the premises on shares, and delivered to the defendant his portion of the crops. Various other acts of ownership, and repeated declarations of the defendant that he was the owner of the premises, were shown. The jury found a *special verdict*, and the C. P. gave judgment for the plaintiff. The defendant sued out a writ of error.

*R. Campbell, jun. & L. C. Turner*, for the plaintiff in error.

*R. Cooper*, for the defendant in error.

*By the Court,* SAVAGE, Ch. J. The fact is fully established by the special verdict, that the defendant never was *assignee,* though he has often declared himself *owner* of the premises. On the part of the plaintiff below, it is contended that the defendant was *estopped* from setting up the defence put forward in this case. It is conceded by the defendant, that proving him in possession is sufficient, in the first instance, to establish his character as assignee; and the plaintiff admits that the defendant may disprove that he is assignee, by showing that he is under-tenant, or has some lesser estate. This question has been twice before this court in recent cases. *Armstrong* v. *Wheeler,* 9 Cowen's R. 88, and *Williams* v. *Woodward,* 2 Wendell, 487. In the first of these cases, the defendant attempted to defend himself, by showing that the lease had been assigned to another person; but he was held responsible because he had been in possession seven years after the assignment, and exercised acts of ownership, and offered to sell the lot. It was then said that possession, and such acts as were proved, were *prima facie* sufficient to make the defendant liable as assignee, but that he was at liberty to disprove the fact, and show that he was under-tenant. If the defendant was at liberty to disprove the fact of assignment, by indirect testimony, as by showing himself under-tenant, may he not do so directly, and show that he has no legal estate at all in the premises?

The fact of possession is sufficient evidence of an assignment in the first instance. This is an arbitrary rule, and would be highly unjust, were the defendant not at liberty to disprove the fact. The fact of assignment is a transaction between the defendant and lessee, of which the plaintiff is not cognizant, but the defendant is. There is no hardship, therefore, in concluding him by his possession, unless he discloses the true state of his title. He may show, as was said in that case, and in the books there cited, that he was under-tenant; he may do so, because that disproves the fact of assignment, which, without such proof, would be inferred from the fact of his possession. So in the case of *Williams* v. *Woodward,* the defendant proved that the lease had expired before he took possession. That fact as effectually disproved the fact of an

assignment as proof of under-tenancy. The *assignee* is liable, by reason of the privity of estate; his liability, therefore, continues no longer than his estate. He is liable after the estate has ceased, but not for rent accruing after. The *lessee*, on the other hand, is liable by reason both of privity of estate and contract; and though the privity of estate ceases when he assigns, yet the privity of contract remains. He is no more absolved from his covenant to pay rent than he would be from a bond conditioned to pay it. As, however, the liability of the *assignee* rests upon his estate, it is clear that, when it is shown that no estate is vested in the defendant, it follows that he is not liable as assignee. The cases cited by the counsel of the plaintiff in error clearly show, that there is no such limitation to the defence as is contended for by the counsel for the defendant in error.

If the doctrine of estoppel were applied in this case, and the defendant below were to be concluded by the fact of possession, then that estoppel should equally prevent an under-tenant from showing the true state of his title as one who has no legal title whatever.

The landlord has several remedies for his rent, but he cannot recover against the defendant as assignee, when the special verdict shows that no assignment was ever made. The plaintiff below sues upon a lease, with which, or the estate created by it, the defendant has no legal connection. He is, therefore, not liable in that character.