By the Court,

Bronson, J.
The defendants contend that there was sufficient evidence to warrant a verdict in their favor on the ground that the plaintiffs bad held the demised premises as assignees of the original lease, and not as tenants of Tileston & Co. But this is a bill of exceptions, and if the judge was not right in point of law, there must be a new trial. If the cause had been put to the jury on the single ground of the alleged assignment to the plaintiffs, the verdict might possibly have been the other way.
The .question then is, whether the original landlord can follow and distrain the goods of an under-tenant of the les *449 see after he has removed them from the demised premises. The distress was for rent falling due after the removal, though that does not, perhaps, affect the question. The right of the landlord to distrain off" the demised premises depends on the statute; which provides, that “ any goods or chattels of the tenant which shall be carried off from any demised premises,” may, within a certain time, be distrained. I think the word “ tenant” as it is here used, does not extend beyond the original lessee and such persons as may come in under him as assignees, either in fact or in law. It does not include an under-tenant of the original lessee, or one, who, as in this case, is still further removed from the chief landlord. It is true that the word “ tenant,” when taken m its largest sense, includes every one who holds lands, whatever may be the nature or extent of his interest. But the word is used in the statute in reference to the particular relation between landlord and tenant—lessor and lessee. Although an under-tenant of the lessee cannot deny the title of the chief landlord, yet strictly he is not the tenant of that landlord, but of the one from whom he received his lease. There is no such privity, either of estate or contract, between the under-tenant and the chief landlord as will enable the latter to maintain an action against.the former on the covenants in the original lease. (Holford v. Hatch, Doug. R. 183. Quackenboss v. Clark, 12 Wend. 555.) That remedy only exists as against the lessee and his assigns; and I think this statute has not extended the remedy by distress beyond the removed goods of the lessee and of those who come in by assignment under him. The assignee is not the tenant of the lessee—he comes into the place of the lessee, and is the tenant of the lessor. But it is not so with an under-tenant. The relation of landlord and tenant exists between him and his lessor—not between him and the chief landlord.
The statutes which extend the common law remedies of the landlord have been construed strictly. In Thornton v. Adams, (5 Maule & Selw. 38,) it was held, that the statute 11 Geo. 2, c. 19, which authorized landlords to follow goods fraud *450 ulently carried off the demised premises, extended only to the goods of the tenant, and not to those of a stranger. The penalty given by the statute cannot be recovered where the goods removed belonged to a stranger, although, while on the premises, they were liable to distress. (Strong v. Stebbins. 5 Cowan, 210.) And a creditor may take the goods of the tenant in satisfaction of his debt, and remove them from the premises, without incurring the penalty inflicted by the statute; and this notwithstanding an apprehension that the landlord is about to dis-train. (Batch v. Meats, 5 Maule & Selw. 200.)(a) In Russell v. Doty, (4 Cowen, 576,) it was intimated that the sheriff would be liable for removing goods by execution without paying the rent in arrear, although the goods did not belong to the tenant—that it was enough that the goods were liable to distress while on the premises. But that point seems not to have been necessarily involved in the case; and the doctrine there laid down cannot be reconciled with the subsequent decision in Brown v. Fay, (6 Wend. 392,) where the question was directly presented and more fully considered. It was there held, that the sheriff was only liable, where he removed the goods of the immediate tenant of the landlord without paying the rent;. and not where he removed the goods of an under-tenant. This case goes quite far enough to dispose" of the one now before us. It was made under a statute which uses the most comprehensive terms. “ No goods or chattels whatsoever, in or upon the demised premises, shall be liable to be taken by virtue of any execution, on any pretence whatsoever,” without paying the rent in arrear. The word “ tenant” is not mentioned in the section. (1 R. L. 437, § 12.) If this statute does not extend to any other than the goods of the immediate tenant of the landlord to whom rent is due, then clearly the statute under consideration, which restricts the landlord to the removed goods of “ the tenant,” ought not to be so construed as to reach the goods of an -under-tenant, or a stranger. I may add, that the sec *451 tian as originally reported was general—“ any goods or chattels which shall be carried off from any demised premises, maybe seized as a distressand the words “of the tenant” were inserted by the legislature. This shows that the subject was considered by- the legislature, and that they did not intend to give the right to follow the goods of every one, although while on the premises they would have been liable to distress.
There must he a new trial, and the plaintiffs will be entitled to a verdict unless the jury find that they held as assignees— not as under-tenants.
New trial granted.(a)

 And see Frisbey v. Thayer, (25 Wend. 396.)

 See Slocum v. Clark and Saxton, post, p. 475.