By the Court,

Bronson, J.
By the notice given to the sheriff, Lane claimed as landlord, and stated that the store was in the occupation of Robinson and others; but he did not state that Robinson was his tenant. So far as appears by the notice, Robinson may have come in as under-tenant, or even in hostility to Lane’s title; and in either of those cases there was no remedy by notice. The landlord can only gain a preference over an execution creditor by either distraining before the execution is levied, when, with few exceptions, the goods of any person found on the demised premises may be taken ; or by giving notice after a levy, where the defendant in the execution is his tenant. (Brown v. Fay, 6 Wend. 392; and see Frisbey v. Thayer, 25 id. 396; Coles v. Marquand, 2 Hill, 447 ;(a) Slocum v. Clark, id. 475.) The notice is in the nature of legal process, under which the goods are to be sold to pay the rent, as well as the judgment; (1 R. S. 746, § 12 to 16;) and the. landlord should state facts enough, assuming them to be true, to show that he is entitled to a preference over the execution creditor. We think the notice was insufficient, and that the landlord’s claim must fail upon that ground It is of course unnecessary to examine the other questions made on the argument.
Motion denied.

 In connection with Coles v. Marquand, see the case of Acker, sheriff &c. v. Witherell, (ante, p. 112.)