The opinion of the Court, was delivered by
Horstblower, C. J.
The demurrer admits all the material facts substantially set forth in the declaration, and the question is, whether upon the plaintiff’s own statement, she is entitled to this action ? What then are those facts ? They are briefly these. That Hart owed the plaintiff one year’s rent; that she gave notice to the sheriff of that fact, and requested him not to sell or remove the goods, until the rent was paid; that the defendants, well knowing the same, wrongfully, and with bad faith, caused the goods to be sold and removed, with intent to defraud the plaintiff of her rent.
If these facts will maintain an action of trespass on the case against these defendants, it must be, either because they are the plaintiff’s in execution; or because sueh an action will lie, against any body ; even a stranger to the execution, who wrongfully and with an unlawful intent, causes, procures and commands a sheriff to sell the goods, knowing that rent is due and unpaid. But it was very properly admitted by the plaintiff’s counsel on the argument, that this action would not lie against the defendants, simply because they were plaintiffs in the execution under which the goods had been taken; that this action is not given by the statute concerning landlords and tenants, Elm. Dig. 302, but that it \s founded on the statute; or rather that it is a common law action brought to protect or enforce rights given to landlords by the statute. This admission brings us to the simple question, whether, if a stranger to an execution, with intent to inj ure a landlord, causes, requires, procures, commands, or in any way induces the officer, having such execution in his hands, to act contrary to law, to abuse his trust, and remove and sell the *140 goods of a tenant, before the rent has been paid, such stranger thereby becomes liable to an action on the case by the landlord ?
If the sheriff by removing the goods, after notice of rent due, committed a trespass, then indeed, the plaintiff in execution, or a stranger to it, by aiding and abetting the sheriff, would also be a trespasser. If one man is guilty of a trespass, another cannot be sued in another action on the case, for aiding and abetting or counselling and advising him to commit that trespass. But the sheriff is not a trespasser, he neither entered upon her close, nor took her goods. The remedy against him, is only by a special action on the case. Palgrave v. Windham, 1 Str. 212; Henchett v. Kimpson, 2 Wil. 140; Green v. Austin, 3 Camp. 260; Calvert v. Joliffe 2 Barn. and Adol. 418, in 22 Eng. Com. Law, 114; Brown v. Fay, 6 Wend. 392.
Besides, if the sheriff, after notice, once remove the goods, or any part of them, he cannot relieve himself by paying the amount of sales or the value of the goods, although that may be much less than the rent due; and this is because the sheriff has committed a tort, and the landlord is entitled to recover such damages as a jury may award to him. Barn. and, Adolp. 418, above cited; Colyer v. Speer, 2 Brod. and Bing. 67, in 6 Eng. Com. Law 21, and see 7 Price 566.
The sheriff then, was the wrong doer. The command or directions of the plaintiffs in execution to go on and remove the goods, however evil and unlawful the intention, did the plaintiff no harm ; they did not physically compel the sheriff to act as he did ; and he had no business to be persuaded or seduced to act contrary to law. Now I take it to be a clear rule of law, that for injuries not amounting to a trespass, and for which the only remedy is by a special action on the case, the action must be brought against the party actually committing the wrong. In such cases there can be no accessories; no aiders and abetto:»s against whom separate actions can be brought, as in trespass. Here the sheriff clearly committed the tort and no one else. It cannot be denied, that an action on the case will lie against him; and what is to prevent such a suit against him, after a recovery in this action ?
This is not like the cases of master and servant, or principal and agent, where the maxim quifaeit &c. applies. The sheriff *141 is not in such sense the servant, agent or bailiff of the plaintiff. A plaintiff in execution is not liable for torts committed by the sheriff, to third persons, while executing the process upon the goods of the defendant in execution. It is true, if the sheriff seizes property not belonging to the defendant, the plaintiff in the writ is a co-trespasser, and may be sued alone or jointly with the sheriff; not however, because the sheriff was his servant or agent; but because the plaintiff was a party to the trespass. But in this case, no trespass was done to the plaintiff; she had no title to or possession of the goods taken. The injury done to her, was not by seizing or taking away the goods, but by removing them before the rent was paid.
Again, if this action can be maintained, what is to be the measure of damages ? It is not an action for removing the goods; but for causing or procuring the sheriff to remove them. In an action against the sheriff the measure of damages, would be the rent due, or at least, the value of the goods, if worth less than the rent. By this I do not mean, that the jury would be restricted to either, in dollars and cents. But one or the other of those sums, would constitute the general basis upon which damages should be rendered. If therefore in this action, the jury are to be guided by the same measure of damages, I do not see what is to prevent a double recovery; once against the sheriff and once against these defendants. Nay, more; since it is admitted that these defendants are not liable, simply because they were plaintiffs in the execution; nor yet, because, being such plaintiffs, they procured the sheriff by command or otherwise to remove and sell the goods, with an evil intent; but simply because the defendants, with such intent, did procure the sheriff to do so, I do not see why they might not have the like action against any body, who, with like evil intent, procured some one else to procure the sheriff, to proceed in the manner he has. For this action is not, if I understand the plaintiff’s counsel, for removing the goods, but for procuring the sheriff to do so, with intent to injure the plaintiff. Nor do I see where upon the principles contended for, this liability is to end.
I am therefore of opinion, that admitting every thing stated in the declaration, this action will not lie. It is a case oí' the first impression. Our books furnish us with no precedent of such an *142 action. Nor is there any use of it. The remedy is complete, either by an action against the sheriff, or by an application to the court for a rule on the sheriff to pay the landlord the rent due, out of the moneys which have been raised. 2 Wils. 142, and other cases above cited.
The defendants must have judgment on the demurrer with costs.

Judgment accordingly.