## SERGEANT V. BAGLEY v. JOSEPH G. FREEMAN.

An assignee of a lease is liable to the original landlord, only in respect of his possession, and then only in case he is assignee of the whole term.

A general assignment for the benefit of creditors, which does not specifically mention the lease, does not, of itself, make the assignee liable for rent as assignee of the lease.

His entry upon and occupation of the demised premises are sufficient *prima facie* to charge him with the rent as assignee; but he may rebut the presumption arising from such occupation, and prove that he refused to take an assignment of the lease.

APPEAL by defendant from a judgment of the First District Court. This was an action to recover rent. In 1854, the plaintiff leased to one Andrew J. Powers the house No. 153 Third avenue, New York city, for five years. In May, 1854, Powers failed, and made a general assignment to the defendant for the benefit of his creditors. His lease was not specifically mentioned in this assignment. The defendant thereupon, as assignee, took possession of the demised premises, which he occupied for

about three weeks. At the expiration of that time he sold the debtor's stock, &c., to one Andrew I. Gale, who took possession of the store, and remained there about five weeks longer, when the plaintiff retook possession of the premises. This action was brought to recover the rent for the two months during which the store was occupied by the defendant, and by Gale, who was placed in possession by the defendant.

On the trial, the defendant offered to show that the original tenant, Powers, offered him an assignment of the lease, which he refused to accept, but the evidence was objected to and excluded. Judgment having been rendered for the plaintiff, for the amount claimed, the defendant appealed.

*J. Aitken*, for the appellant, cited *Child* v. *Clark*, 3 Barb. Ch. R. 52; *Martin* v. *Black*, 9 Paige, 90; *Armstrong* v. *Wheeler*, 9 Cow. 90.

*Niles and Bagley*, for the respondent. If an executor or receiver enter into the possession of demised premises, or receives rent from an under tenant, he is himself liable for the rent to the original lessor. *Provost* v. *Calder*, 21 Wend. 517; *In the matter of Galloway*, 21 Wend. 32; and see *Martin* v. *Black*, 9 Paige, 641; *Thomas* v. *Pendleton*, 7 Taunt. 206; *Class* v. *Hume*, 1 Ryan & M. 207. So one who takes a conveyance of the whole term, or undivided part of any portion of the premises, is an assignee, and liable for a proportionate amount of the rent. *Child* v. *Clark*, 3 Barb. Ch. R. 52.

BRADY, J.—It was admitted on the trial, that in the assignment, which was general, "there was nothing specifically mentioning the lease" under which the plaintiff claimed rent from the defendant, as assignee. The defendant offered to prove, by the assignor, that he, the assignor, offered the lease, under the assignment, to the defendant, who refused to accept it. The plaintiff objected to the proof—the objection was sustained, and

the defendant excepted.  If the justice erred in rejecting the proof, then the judgment is erroneous, and must be reversed. The lease to the assignor, Powers, was for five years, from the 1st May, 1854 ; the occupancy of the defendant was for about three weeks, commencing about 20th May, 1854, and the rent reserved by the lease was payable quarterly.

An assignee is liable only in respect of his possession ; he bears the burthen while he enjoys the benefit; but if the whole term of years is not passed over to him, if a day be reserved by the lessee, he is not liable to the landlord at all.  He is an under tenant.  Taylor's Landlord & Tenant, 218, and numerous cases cited.  He must, therefore, be the assignee of the whole term.  It is true that it is not requisite to charge him to show an actual entry on the land (*Walton* v. *Cronly*, 14 Wend. 63), where he accepts an interest under the lease, and the execution of a lease by the assignor, and possession by the assignee are sufficient *prima facie* to charge him as assignee, yet, he may prove that he is not an assignee.  *Williams* v. *Woodward*, 2 Wend. 487.  A lessor cannot maintain an action for arrears of rent against a party occupying premises charging him as assignee, when, in fact, he never had an assignment of the lease. *Quackenboss* v. *Clark*, 12 Wend. R. 555.  Did the proof, in this case, show an assignment of the lease?  It was admitted that the lease was not mentioned in the assignment, which left the question open to investigation, although the possession by the defendant was, as we have said, sufficient *prima facie*.  He proposed to show that he was not the assignee of the lease, having refused to accept it under the assignment, and the justice erred in not admitting the proof.  *Williams* v. *Woodward, supra*.  The justice, by rejecting the testimony, assumed that the defendant was the assignee, notwithstanding the admission before him. There is nothing to support such an assumption, unless by construction of the assignment read in evidence, which is not before us.  The defendant was not bound to accept the lease, because that would have imposed upon him a personal obligation distinct from his trust.  His representative character could not affect

the landlord's right to hold him by privity of estate, on all the covenants running with the land. If the fact offered to be shown was proved, the defendant would not be liable to the lessor. He was a tenant at sufferance of the lessee, and clearly not liable to any one else. There are other considerations why he should not, on such proof, be regarded as an assignee, which it is unnecessary to state. It appears, on authority, that the proof offered was relevant, and should have been admitted. The justice erred, therefore, and the judgment must be reversed.

Judgment reversed.