WILLIAM KAIN *v.* JOSEPH HOXIE AND OTHERS.

In an action to recover rent reserved in a lease, against a party in possession of demised premises, a *prima facie* right to recover is established by showing him to have been in actual possession at the time the rent became due.

In such a case the presumption of law is, that he occupied as assignee of the original lessee.

This presumption may, however, be rebutted, and the party exonerated from liability to the lessor, by showing that he was not assignee in fact, and had no interest in the lease, but occupied by permission of the lessee as under-tenant or otherwise.

And where it appears that the party thus in possession did not possess the entire estate of the original lessee in the term demised, no recovery can be had.

The liability of an assignee of a lease rests upon his estate, and when a party in possession of demised premises shows that no estate is vested in him, it follows that he is not liable as assignee.

APPEAL from a judgment rendered at special term upon trial by the court without a jury. The complaint alleged that one Graves took from plaintiff a lease of certain premises in New York city; that in August, 1857, Graves sold the stock, fixtures, steam engine, &c., used by him upon the premises. to one Bald-

win; that Baldwin entered into possession of the premises; that Baldwin shortly afterwards sold the stock, fixtures, and steam engine to defendants, who entered into possession of the premises, and continued in occupation thereof until November 1, 1857. The complaint claimed that defendants were, by operation of law, assignees of the lease, and were liable to plaintiff for the quarter's rent due November 1, 1857.

On the trial, after the plaintiff had proved the execution of the lease to Graves, as set out in the complaint, Baldwin was called as a witness. He testified that in September, 1857, Graves was in failing circumstances; that to secure witness, who was indorser for him, Graves turned out to him the stock, fixtures, and machinery employed by him in carrying on his box making establishment, upon the premises demised by the lease. Witness took the property to secure himself, without intending to carry on the business. He ordered the men to go on making boxes, until he could dispose of the property. On October 1, 1857, he sold the stock, fixtures, &c., to defendants, and gave them possession. Witness did not hire the premises from Graves, nor was the lease or any interest in the lease assigned to him; nor did he assign any lease, or any interest in any lease, to defendants.

The defendants testified that no assignment of the lease, or of any interest in it, was ever made to them. They had offered to pay *pro rata* for the time they were in occupation of the premises; which was refused.

It appeared that, after the sale by Graves to Baldwin, Graves made a general assignment for the benefit of creditors to one Howell Hoppock.

The following facts were found by the judge, before whom the cause was, by consent, tried without a jury, as established by the evidence at the trial:

*First.* Graves hired of plaintiff the premises under the lease set out in the complaint. *Second.* On the 4th day of September, 1857, Graves being then in possession, turned out to D. A. Baldwin, a steam engine and fixtures, used in box manufacturing, then on the premises, mentioned in said lease to secure him for

certain indorsements, and gave him possession of the said property. *Third.* Graves, on the 5th day of September, 1857, made and delivered to Howell Hoppock, the assignee therein named, a general assignment of all his property, and the said assignee thereupon accepted the same, and the trusts therein mentioned, but declared that he would not take the leases, because there was no money in them. *Fourth.* Baldwin manufactured on the premises till October, 1857, when he sold to the defendants the stock and fixtures. *Fifth.* The defendants entered on the premises and manufactured till the 1st of November, 1857. *Sixth.* Baldwin offered to pay plaintiff one month's rent, and the defendant Hoxie offered to pay to the plaintiff for the use of the premises from the time he, the said defendant, acquired any interest in the steam engine and fixtures, at the same time denying his liability to pay the plaintiff any rent for the premises. *Seventh.* No assignment of the lease, or of any interest, or of any term therein, was ever made to Baldwin, or to the defendants, or either of them.

And as a conclusion of law, upon the facts so found, the judge held that the defendants were not liable to the plaintiff for the rent claimed.

Upon exceptions interposed to this conclusion, and from the judgment entered thereon, the plaintiff appealed.

*Augustus W. Clason,* for the appellant.

I. Baldwin came upon the premises by the sufferance or permission of the lessee. As to the landlord, he was in the place of Graves. 5 Cow. 129; 8 Wend. 175. The defendants entered through Baldwin. An entry, immediate or remote, through a tenant, is an entry in subordination to the lease. 2 Wend. 489; 2 Sand. 597; 4 Sand. 369; 12 Barb. 253; 18 Barb. 608.

II. An entry in subordination to a subsisting lease, and possession when rent accrues, charges the possessor as an assignee by operation of law. He can only be discharged by proving a condition incompatible with that relation. 9 Cow. 83. The reason is obvious. An entry is by right or by wrong.

III. The possessor is an assignee in fact, an assignee by opera-

tion of law, a sub tenant or a trespasser. The law which presumes right, infers a tenancy, fixes his legal relation to the landlord, and concludes him by his possession, unless he show the true state of his title. 12 Wend. 555; 4 Hill, 113. It is no answer to this conclusion that he is not, and that another is, assignee in fact. Such answer does not explain the possession, nor state a right. This rule of law is not harsh; for he who occupies the land of another, must have some right for his occupation.

IV. Nor does such an answer meet the rule, for there is a privity of estate, as well as a privity of contract. 12 Wend. 555 was an action upon privity of contract, and the issue was upon privity of contract. That issue, the court properly held, was not sustainable by proving privity of estate.

V. This action is upon privity of estate. If the defence can be sustained, then a liability, arising from privity of estate, can always be defeated by showing want of privity of contract. Hoppock was not assignee in fact. As general assignee he refused to take the lease, as he had a right to do. 12 Barb. 253. Indeed, after the sale of the engine, and delivery of possession of the premises to Baldwin, it is doubtful if the general assignee could have entered into possession.

*Nathaniel B. Hoxie*, for the respondents.

I. No assignment of the lease, or of any interest, or of any term therein, having been at any time made to the defendants, or either of them, no cause of action whatever exists against them. This is a conclusion of fact found by the judge, and no other conclusion could have been arrived at upon the testimony. Taylor on Land. & Ten. (2 ed.) § 450; *Williams* v. *Woodward*, 2 Wend. 487; *Quackenboss* v. *Clark*, 12 Wend. 555.

II. The matters stated in the complaint, if proven, uncontradicted and unexplained, would amount to no more than a presumption of law, that there was an assignment of the lease or term. *Prima facie* evidence merely of an assignment. The rule is simply one of evidence. Cases *supra*.

III. This presumption, if sufficiently created, was overcome

and destroyed, and this *prima facie* evidence rebutted and contradicted by the most abundant testimony. Not only was it proven that no such assignment was ever made to or accepted by the defendants, but it was proven that an assignment of the lease in question was made to and accepted by Hoppock long before the alleged occupation of the defendants. *Durando* v. *Wyman*, 2 Sandf. S. C. R. 597. (*a.*) The vague suggestion that Hoppock would not take the leases, in no degree affects the assignment and acceptance, and cannot vary the legal effect thereof; and, moreover, was made casually to Baldwin alone after the execution of the assignment and acceptance. *Mead* v. *Phillips*, 1 Sandf. Ch. R. 85.

IV. There is no principle of law that estops these defendants to deny any assignment to them of this lease or term. Not one of the elements of an estoppel exists in the case. Neither the offer of Baldwin, nor of the defendant Hoxie, qualified as they were, can avail the plaintiff for any purpose. They were purely gratuitous.

V. There is neither privity of contract, nor of estate, between the plaintiff and the defendants, and the judgment should be affirmed.

By the Court, HILTON, J.—In June, 1856, the plaintiff leased to one Graves the premises No. 365 Greenwich street, in this city, for the term of 21 months from the first of August following, at the yearly rent of $500, payable quarterly. On September 4, 1857, Graves, being then in possession under the lease, sold to one Baldwin the machinery and fixtures upon the premises, and on the next day executed and delivered to Howell Hoppock a general assignment of all his property for the benefit of his creditors. After the sale, Baldwin went upon the premises, and used the machinery until about the 1st of October thereafter, when he sold it to the defendants, who also continued its use in the same manner until the 1st of November following, on which day a quarter's rent became due. This was demanded of the defendants, and payment being refused, the plaintiff brought

this action to recover it from them as assignees of the lease. The defendants denied being such assignees, and set up that the lease passed under the assignment to Hoppock.

A trial was had before Judge BRADY, without a jury, who found, in addition to the facts stated, " that no assignment of the lease, or of any interest therein, or of any term therein, was ever made to Baldwin or to the defendants, or either of them." Judgment was given for the defendants. No exception was taken to the finding of the judge, and upon this appeal by the plaintiff we are only called upon to determine whether, on the facts stated, the defendants are liable.

In actions like this the rule of law is well settled, that the plaintiff establishes *prima facie* his right to recover by showing that the defendant was in possession of the premises at the time the rent became due, and the presumption of law then attaches that he was in as assignee of the original lessee. *Armstrong* v. *Wheeler*, 9 Cowen, 88; *Williams* v. *Woodward*, 2 Wend. 487; *Provost* v. *Calder*, 2 Wend. 518.

But this presumption may be rebutted by the defendant showing the real nature of his occupation. He may prove that he is not assignee, or that he is under tenant, or occupying by permission of the lessee, or has some lesser estate, or no estate or interest whatever in the lease, and thus exonerate himself from liability for rent to the original lessor. 2 Phillipps on Evid. (7 London ed.,) 151; *Holford* v. *Hatch*, 1 Doug. 183; Taylor's Land. & Ten. (1st ed.) 221; *Durando* v. *Wyman*, 2 Sand. S. C. 597; *Quackenboss* v. *Clarke*, 12 Wend. 555. And unless it appears, presumptively or otherwise, that the defendant possesses the entire estate of the original lessee in the term demised, no recovery can be had. *Holford* v. *Hatch, supra.*

Here it was conclusively shown by the evidence at the trial, and so found by the judge, that the defendants never had any interest whatever in the lease ; and it would seem the most that could be said of them is, that they occupied the premises for the period of one month without objection from any one. This may, and probably did, make them liable for such use and occu-

pation to the lessee, or his assignee; but it created neither privity of contract nor estate between them and the plaintiff. Their having so occupied did not estop them from denying that they were assignees, and showing the nature of their possession. But were it otherwise, which, however, I do not concede, it would be enough to say that the evidence upon this point was admitted at the trial without objection, and it is now too late to raise any such question.

In the language of Ch. J. SAVAGE, in *Quackenboss* v. *Clarke*, (*supra*): "The liability of the *assignee* rests upon his *estate*, and it is clear that when it is shown that no estate is vested in the defendant, it follows that he is not liable as assignee."

Judgment affirmed.