By the Court — Bosworth, Ch. J.
The equitable assignee of a lease, who, as such, has entered into possession and occupied the demised premises, is liable for the payment of rent accruing during such occupancy. (Close v. Wilberforce, 1 Beav., 113; Jenkins v. Portman, 1 Keen, 435; S. C., 15 Eng. Ch. R., 455, n. 2; Robinson v. Rosher, 1 Young & Col., 7-11.)
He is liable in equity, although an action of covenant might not lie against him, if it was made to appear that no actual legal transfer of the lease had been made. (Quackenboss v. Clarke, 12 Wend., 555.)
The evidence would justify a jury in finding, if they credited the testimony of Samuel B. Sohenck, that Ackerman purchased the lease, and promised Schenck to pay the rent, and procure Ms release from liability.
That Ackerman occupied the premises from May, 1855, into October, 1857, and paid the rent to the plaintiff, is indisputable. *618 He testifies that he “ expected to pay rent whilst occupying the premises,” but denies that he promised to do so.
Jacob B. Schenck testified he was present at the bargain between S. B. Schenck and Ackerman, and that he and Ackerman “were to be jointly interested in the business to be carried on,” and “ Samuel B. Schenck had, by this bargain, no right to turn him” (Ackerman) “out.” “It was a part of the bargain that Samuel B. Schenck had no right to occupy the premises, and Ackerman had.”
Mr. Astor, after having so long received rent from Ackerman, could not terminate the lease or Ackerman’s occupancy under his purchase of it, on the ground that he had not consented in writing to the sale to Ackerman, or to his occupancy under it.
Had Ackerman continued in possession until after Kovember 1, 1857, there could be no doubt of his liability, as equitable assignee, to pay the rent.
The assignment by Ackerman to Lent, of the date of October 21,1857, was sufficiently comprehensive to transfer Ackerman’s interest, as equitable assignee. It conveyed the “ goods, wares and merchandise, in and about the store and premises, of the party of the first part, (Ackerman) No. 163 Greenwich street, in the city of Kew York,” (the premises in question,) and “ all other real and personal property and estate whatever, and wheresoever situate, and all interest therein, and all debts, dues and securities.”
Lent testified that at the time he took the assignment, he “knew from Ackerman he was in, paying $4,000 rent.” “I knew it was Astor’s store; had known it a year.”
Had the lease and its unexpired term b'een worth a premium, so that, concededly, it could have been sold so as to produce something to be divided among the creditors, I think it would have been Lent’s right and duty to convert it for their benefit.
He took possession of the premises, and put up a small sign, with “George B. Lent, Assignee,” upon it. On the first of Kovember, he offered to pay rent for the time he had then occupied, but refused to pay the whole quarter’s rent, which then became due.
He persisted in occupying the premises until he was removed by summary proceedings, or until proceedings instituted to dis *619 possess him, had been so far prosecuted, that a warrant had been issued for his removal.
That having been done, he made a special agreement of the date of the 10th of December, 1857, for their occupation up to December 19.
Lent’s entry was under the assignment. His occupancy, whatever it was, was under it. He continued to occupy, and persisted in doing so, until coerced to leave by proceedings taken to eject him.
If these undisputed facts were not enough to charge him as equitable assignee, in possession and occupying as such, without calling upon the jury to decide any question of fact, then it should have been submitted to the jury, with instructions that if they found that Ackerman purchased the lease and agreed to pay the rent, and occupied the premises under that purchase and paid rent to the plaintiff until he assigned to Lent, and that Lent as his assignee entered upon the premises under the assignment, and occupied them as such assignee, until compelled to surrender possession, by proceedings instituted to dispossess him; the plaintiff was entitled to recover.
The fact is important and significant, that Lent, at the time he took possession, knew the store was owned by the plaintiff, and that his assignor was occupying and paying $4,000 rent. He knew, therefore, that Ackerman was occupying as lessee, or under some agreement with a lessee of the premises. He takes posr session, and although he knows who is the owner and lessor, he does not notify the lessor, that the entry is not for the purpose of taking possession as assignee, (Hanson v. Stevenson, 1 Barn. & Ald., 304; Lord Ellenborough, Ch. J.,) and continues to so occupy until called upon for the rent due November 1, 1857. If he then raised no question, except whether he was liable for the whole quarter, or only from the time he took possession, and if he did not then disavow any intent or purpose (in entering) to enter and occupy as assignee, or to continue to occupy as such, and especially if instead of doing that, he insisted upon the right to continue to occupy until dispossessed by legal proceedings a jury might find, as it seems to me, that the defendant deliberately took possession as assignee, with intent to occupy as such.
*620 If he did that, he is liable for the rent. It cannot be said on the evidence, that the plaintiffs conceded he did not so enter; when conceding that there was no disputed question of fact to be passed upon by the jury. Barnes v. Perine, (2 Kern., 18,) is not opposed to this view.
In that suit, the case made, did not contain all the evidence given, but only so much as was necessary to present the questions made at the trial.
In the case before us, we have all the evidence given, and when it states that the counsel for the respective parties conceded there was no disputed fact to be passed upon by the jury, the fair inference would seem to be, that matters sworn to positively, were conceded to be true, although some slight circumstances in opposition may have been testified to, in the effort made to rebut or overcome such testimony.
Journeay v. Brackley, (1 Hilt., 447,) decides nothing controlling in this case, as in that the assignees “ shortly after the assignment * * * notified the plaintiffs that they did not intend to take the building and would have nothing to do with the lease,” and “ surrendered the possession to the plaintiffs ” before any rent became due. The opinion is valuable, and contains an elaborate examination and review of numerous authorities bearing upon this subject.
It decides nothing in conflict with Young v. Peyser, (3 Bosw., 308,) nor with any point adjudged in Muir v. Glinsman, (referred to, in 1 Hilt., 455.)
The judgment should be reversed and a new trial granted, with costs to abide the event.
Ordered accordingly.