GEORGE W. WELSH *against* VAN RENSSELAER SCHUYLER.

(Decided April 3d, 1876.)

In order to charge a person who occupies premises with the permission of the original lessee with the payment of the rent, it must be shown that he is the assignee of the lease, and although his being in possession, paying rent, sub-letting, &c., is presumptive evidence that he has accepted and holds an assignment of the lease, yet he is not estopped from showing that he has never accepted a valid assignment of the lease, and if this appear, he cannot be held.

It must be shown that there has been made an assignment valid in law, and where the lease is for three years, and the statute (2 R. S. 134, § 6), requires an assignment of it to be in writing to be valid, it is not enough to show a verbal assignment.

APPEAL from a judgment of a District Court.

CHARLES P. DALY, Chief Justice.—After the cause was at issue, an alias summons was issued and served upon the defendant, Van Rensselaer Schuyler, who appeals. He appeared and put in a general denial. This was a distinct issue on his part, and not necessarily connected with the issue already created by the answer put in previously by the other defendant. He had under his answer, the right to avail himself of any individual defense he might have to the action, which was available under a general denial, and judgment having been rendered against him, there can be no doubt of his right, individually, to appeal.

The fact that upon the retirement of Adams from the firm, the appellant came in as partner and occupied the premises embraced in the lease, together with Adams' former partner and co-lessee; that the new firm continued to occupy them; that the appellant drew checks in the name of the new firm, and gave them to the landlord's agent in payment of the rent; that the sub-tenants who where in occupation under Schuyler and Adams, received a new lease from the new firm, paid the rent thereafter to that firm, and received receipts for the payments signed by the new firm, would be sufficient to create the presumption that the appellant was in occupation as assignee under

the lease (*Armstrong* v. *Wheeler*, 9 Cow. 88), but like any other presumption, may be rebutted, and it was rebutted in this case by proof that no assignment in writing had ever been executed. The lease was for three years, and to constitute a valid assignment under the statute of frauds, the assignment must be in writing. Both the appellant and his partner, S. F. Schuyler, testified that no assignment in writing had ever been made, and all that was shown on the part of the plaintiff, by the testimony of Adams, was that the appellant said to him, after inquiring about the lease and the rent paid by the under-tenants, " I take your place in the lease," and that Adams replied, " You do ? " The appellant testified that nothing of the kind had occurred; but if it had, it would, as an assignment, have been inoperative and void (*Bedford* v. *Terhune*, 30 N. Y. 459).

The respondent argues, upon the authority of the case of *Carter* v. *Hammett* (12 Barb. 253; 18 Id. 608), that the appellant having orally agreed with Adams to take his place in the lease—having entered into the joint possession of the premises with the new firm, and the rent having been paid upon checks given by that firm—is estopped, when sued by the landlord for the rent, from showing that there was no assignment of the lease in writing, as the statute requires. I am unable to see wherein the estoppel lies. An estoppel arises where one has led another to act upon the assumption of the existence of a certain state of facts, and where the latter would be prejudiced if the other party were allowed afterwards to show that the facts were otherwise than as he had represented them. Nothing of this kind arises in this case. The landlord may have supposed from the appellant's acts, that Adams' interest in the lease had been assigned to him ; but the landlord has entered into no new contract, undertaken no obligation, nor done anything in consequence of it. The original lessors remain liable upon the lease for the rent for the whole of the term, and if it is not paid, the landlord has a prompt and efficacious remedy by which he can recover possession of the premises. I fail to see how it operates to his prejudice or injury, to show that the appellant never acquired any valid right or title to the estate created by the lease, or to any proportionate part of it.

In the operation of this rule, it makes no difference whether the representation, assumption or thing admitted, be true or false ; it is the fact that *it has been acted upon* that creates the estoppel (1 Greenleaf Ev. § 207), and nothing has been shown in this case to which this test can be applied ; for the landlord has undertaken nothing and parted with nothing upon the assumption that the appellant was the assignee of Adams' interest in the lease. A landlord acquires an advantage by the assignment of a lease, for then, not only the lessors are responsible for the payment of the rent, but the assignee also as long as he remains assignee ; but if the appellant never became assignee by the valid transfer of the title to him, the landlord, as respects him, has acquired nothing, and consequently has lost nothing.

Whilst the lessee remains in possession, there is between him and the landlord, both privity of contract and *privity* of *estate.* By an assignment he divests himself of the privity of estate and transfers it to the assignee, between whom and the landlord thereafter there is created a privity of estate, which renders the latter responsible to the landlord for the payment of the rent whilst he continues in that relation, but of which he can discharge himself by a reassignment, whilst the lessee, by privity of contract, remains liable until the expiration of the term. The assignee takes subject to all equities to which the original party is subject, and must perform, whilst he is assignee, all the covenants which run with the land, of which the covenant to pay rent is one. This is familiar law (Taylor on Landlord and Tenant, ch. x, § II). But to create this privity of estate, which makes a party liable to perform the covenants that run with the land, there must be a transfer of the legal title by the lessee, and the acceptance of it by the assignee (*Journeay* v. *Brackley*, 1 Hilt. 451, 452). Where a party enters into the possession of demised premises, it is assumed in favor of the landlord, where nothing to the contrary appears, that he is in as assignee under a valid title, or as Judge Mullin expresses it in the case cited (*Bedford* v. *Terhune, supra*), the inference from the facts proved " must be of a valid operative assignment, such a one as was sufficient to transfer the title,

making it incumbent upon the defendant to prove either that there was no assignment, or that it was one void in law." The party sought to be charged by the landlord with the payment of the rent may undoubtedly show that there was no assignment, and consequently no privity of estate created between him and the landlord which bound him to the performance of any covenants running with the land (*Williams* v. *Woodward*, 2 Wend. 487; *Quackenboss* v. *Clark*, 12 Id. 555; *Bagley* v. *Freeman*, 1 Hilt. 198; *Kain* v. *Hoxie*, 2 Id. 316); and if there is anything to the contrary in *Carter* v. *Hammett* (*supra*), based upon the doctrine of estoppel, as there appears to be from certain passages in the opinions of Judges Roosevelt and Mitchell, it was not essential to the decision of the case, and no authority was cited in support of it. The law is correctly cited by Chief Justice Savage, in these words: " The fact of possession is sufficient evidence of an assignment in the first instance. This is an arbitrary rule, and would be highly unjust, were the defendant not at liberty to disprove the fact. The fact of an assignment is a transaction between defendant and lessee, of which the plaintiff is not cognizant but the defendant is. There is no hardship therefore in concluding him by his possession, unless he discloses the true state of his title.  *  *  * As, however, the liability of the assignee rests upon his estate, it is clear that when it is shown that no estate is vested in the defendant, it follows that he is not liable as assignee " (*Quackenboss* v. *Clark*, 12 Wend. 556, 557). It having been distinctly proved in the present case, that there was no valid transfer of an interest in the lease to the appellant, there was no foundation whatever for any liability on his part for the payment of rent.

The judgment, as respects him, was therefore erroneous and should be reversed.

Joseph F. Daly, J., and Van Hoesen, J., concurred.

Judgment reversed.