REYNOLDS v. LAWTON *et al.*

(*Supreme Court, General Term, Fifth Department.* December 30, 1889.)

**1. LANDLORD AND TENANT—ASSIGNMENT OF LEASE—EVIDENCE.**

Plaintiff, by a verbal lease, demised his premises to a firm for a year, and the evidence tended to show that, before the term had expired, defendant purchased the undivided interest of some members in the property of the firm, entering into actual possession of the premises, and continuing alone, or with the remaining partner, in their use and occupation. Plaintiff proved that defendant had admitted

that he had bought an interest in the firm, and that he was liable for, and would pay, the rent which had accrued, and that which was to fall due. *Held*, that the proof was sufficient to make a *prima facie* case against defendant that he was in possession as assignee of the lease.

2. SAME—CONTROL OF PREMISES.
Where defendant denies that he is assignee of the lease, it is competent for him to testify that he was not a member of the lessee firm; that he had no interest in its business, and had no control over the premises,—since such testimony would tend to prove that he did not purchase any interest in the lease, and was not an assignee thereof.

3. SAME—CONDUCT OF ASSIGNEE.
It is also competent for defendant to prove what he did when he visited the premises, as tending to show whether he was there as an occupant or as a visitor.

4. STATUTE OF FRAUDS—PROMISE TO PAY DEBT OF ANOTHER.
An instruction that, if defendant promised plaintiff to pay the rent he is liable, is erroneous, in the absence of proof that he promised the lessees to pay plaintiff; a verbal promise to plaintiff, without consideration to support it, to pay the debt due him from the lessees, being void, under the statute of frauds.

Appeal from Monroe county court.

Action, originally commenced in the municipal court of the city of Rochester, by Mortimer F. Reynolds against Arthur W. Lawton, for use and occupation of certain rooms in a building owed by the plaintiff. The answer, among other things, contains a general denial. The premises were demised by the plaintiff to Bowdish, Ray & Austin, photographers, doing business as partners, under the firm name of the Arcade Photograph Company, by a verbal lease, for the period of one year, from May 1, 1887, to May 1, 1888, for the monthly rent of $15, payable in advance. In the municipal court, recovery was had for $75, being for five months' rent, commencing with October. In the county court there was a recovery for $60, for four months' rent, beginning with November, 1887. The parties named as defendants were Bowdish and Lawton. The former was not served with process, and did not appear; and the latter alone appeals.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*Turk & Barnum*, for appellant. *McNaughton & Taylor*, for respondent.

BARKER, P. J. The plaintiff seeks to recover from the appellant the rent reserved in the lease, which the lessees named therein agreed to pay. It is not pretended by the plaintiff that any new agreement for the use and occupation of the premises, either express or implied, was made between himself and the appellant, but he insists that the original lease was in full force and effect when this action was commenced. The judgment must rest for its support, if it is permitted to stand, upon the sole ground that the appellant became an assignee of the lease for the whole of the unexpired term. If the appellant was in the possession of the demised premises as an under-tenant of the lessee, he would not be liable to the plaintiff for the rent in an action upon the lease, or for use and occupation. *Bedford* v. *Terhune*, 30 N. Y. 453; *Davis* v. *Morris*, 36 N. Y. 569; *Van Rensselaer* v. *Gallup*, 5 Denio, 457. The assignee of a lease for the whole of the unexpired term is liable to the lessor for the rent reserved by reason of the privity of estate. His liability, therefore, continues no longer than his estate. The lessee, on the other hand, is liable both by reason of privity of estate and contract. Although the privity of the estate ceases when he assigns, yet the privity of contract remains, and his liability upon his contract continues. *Quackenboss* v. *Clarke*, 12 Wend. 555.

The defendant denies that he ever became an assignee of the lease, and insists that the evidence fails to prove that he ever became the owner thereof, and for that reason the motion for a nonsuit should have been granted. The evidence was clearly sufficient to make a cause for the jury to determine the issue on this question. The evidence tended to show that the appellant was in the use and occupation of the premises, either alone or with Bowdish, from

the 1st of October up to and including the month of February, when this action was commenced. It is admitted by the appellant that as early as in October he purchased the undivided interest of Ray and Austin, two of the lessees, in the property which was used in the photograph business, and that they had ceased to occupy the premises, or to be connected with the business carried on by the lessees. The rule is that possession of the demised premises by one not a lessee is sufficient evidence of an assignment to him by the lessees in the first instance, but the defendant may disprove that he was in possession as assignee, and show under what claim of right or title he made entry. *Quackenboss* v. *Clarke, supra; Bedford* v. *Terhune, supra.* In addition to the evidence which tended to show that the appellant was in actual possession of the demised premises, the plaintiff proved that the appellant admitted that he had bought the interest of Ray and Austin, and had taken their place in the company, and that he was liable and responsible for the rent which had accrued, and that which was to fall due, and would pay the same to the plaintiff. The proof was abundant to make a *prima facie* case against the appellant that he was in possession as the assignee of the lease. For these reasons the motion for a nonsuit was properly denied. As the lease was by parol, an action on the case for use and occupation of the premises was proper, and authorized by the statute, which provides as follows: "Sec. 26. Any landlord may recover, in an action on the case, a reasonable satisfaction for the use and occupation of any lands and tenements by any person under any agreement not made by deed; and, if any parol demise or other agreement, not being by deed, by which a certain rent is reserved, shall appear in evidence on the trial of any such action, the plaintiff shall not on that account be debarred from a recovery, but may make use thereof as evidence of the amount of the damages to be recovered." 1 Rev. St. 748; *Williams* v. *Sherman,* 7 Wend. 109. If an assignment of the lease was established, then this case falls within the very terms of the statute.

Then, there were other rulings made on the trial in the court below to which the defendant took exception, which merit examination. The appellant denied that he ever was an occupier of the premises, in the proper sense of that term, and also disputed the fact, which the plaintiff was bound to maintain, to entitle him to a verdict, to-wit, that he was ever assignee of the lease, while the appellant admitted that he had purchased the undivided interest of Ray & Austin in certain personal property which was used by the lessees on the premises, as photographers, and which remained there after his purchase. He assumed the position on the trial, and sought to maintain it, that he was not interested in the business before or after he made the purchase of Ray & Austin, as partners or otherwise. He also testified that he was seldom in the room, and was there but twice in September, and not at any time in October or November, and that, in his opinion, he was not in the room more than 10 times before the action was commenced. The following questions were asked him by the counsel, as a witness in his own behalf: "*Question.* Had you any interest in the business of the Arcade Photograph Company at that time? Had you any control over the rooms in question? Did you have any agreement as to receiving any of the profits or sharing any losses? Did you ever in any manner hold yourself out as partner?" Each of these questions was separately propounded to the witness, and each was severally objected to by the plaintiff without any ground being specified on which the same was based, and each objection was sustained; and the appellant took an exception to each ruling. We think each one of the questions was proper; and if the witness had given a negative answer, as he might have done, such an answer to either one of the questions would have tended to prove that he did not purchase any interest in the lease, and was not an assignee thereof. It is not made to appear by the record, as contended by the plaintiff's counsel, that the appellant had before stated as a witness that he was not a partner, nor interested in the

business, so that the inquiry only related to a subject-matter about which the witness had already given evidence. What he had already said about not being a partner was a part of the conversation, as related· by him, which he had with the plaintiff and another witness, when conversing with them about the lease and the rent due thereon, before the action was commenced. That evidence was not a statement by the witness to the court and jury that, as matter of fact, he was not a party, nor interested in the business. He ·was entitled to the privilege, as a, witness in his own behalf, to give answer to those questions, and it was error to reject them.

Defendant produced a witness who stated that he was engaged in the rooms rented most of the time, during the business hours, from April to October, and that the defendant was seldom there, and remained not to exceed a half hour on each visit. The following question was then asked this witness: "Did you know what Lawton did when he came there?" The question was objected to as incompetent and immaterial, and the same was sustained; and the appellant excepted. It was clearly competent for the appellant to prove for what purpose, and under what circumstances, he visited the premises, as bearing on the question whether he was an occupant, or was there as a visitor.

I am also of the opinion that a portion of the charge was erroneous, to which an exception was taken. In substance, the jury were instructed that if the defendant had bought a two-thirds interest in the property, and agreed to pay the rent due and to grow due on the lease, that he was liable in this action for the amount of such indebtedness. No other view was taken of the case in the charge of the court; the defendant's liability was placed upon the single ground stated. The language of the charge which states the single legal proposition embraced in the instructions is as follows, namely: "The question is really whether or not this defendant did make the statement to Mr. Reynolds and Mr. Harris which they say he did, that he would be responsible for the debt, and whether he made the statement Mr. Taylor said he did, that he had bought out a two-thirds interest,—that he was liable, and had agreed to pay the debt of the firm. If he did make that statement, and if that statement was in accordance with the fact, then he is liable for the amount of this indebtedness. If he did not make this statement here testified to, and it is not the fact, he is not liable for the amount of this indebtedness. The question is for you." By this rule it is made to appear, beyond question, that the verdict is not based on the cause of action alleged in the complaint, and for that reason cannot be maintained. On the trial the position was not distinctly assumed by the plaintiff that the defendant was the owner or assignee of the lease, and was for that reason liable on the promise of the lessee; but he claimed the right to recover on the fact, which he sought to prove, that the appellant, for a valuable consideration paid to him by Ray & Austin, agreed to pay to the plaintiff the rent which had become due, and that which thereafter should fall due, so as to bring the case within the principle laid down in *Lawrence v. Fox*, 20 N. Y. 268. The evidence relied upon to show that, when the appellant purchased from Ray & Austin their interest in the property, he promised them that he would pay to the plaintiff the rent, is very scant and inconclusive in its character, and consists entirely in the defendant's admissions, as testified to by the plaintiff and the other witnesses. The evidence is abundant that he promised the plaintiff that he would pay the rent to him, and that he was liable therefor, but upon the precise point involved, that he promised Ray & Austin that he would pay to the plaintiff the rent, the evidence is not clear; and the defendant may well insist that the case was submitted to the jury on a question of fact not disclosed by the pleadings, nor · brought to the attention of the appellant until the charge of the court was given to the jury. The legal proposition submitted to the jury is somewhat obscure; and we think the language is such, when read in connection with

the evidence, that the jury might have understood that if they found that the appellant, after he had made his purchase from Ray & Austin, promised the plaintiff to pay the rent, then that their verdict should be for the plaintiff. A promise by the appellant to the plaintiff that he should assume and pay the rent was clearly void, under the provisions of the statute of frauds. Such a promise was without consideration to uphold it, and was not in writing. The plaintiff made no application to have the pleadings amended, and the verdict was rendered for a cause of action not stated in the pleadings; and we think the exception was well taken, whatever construction may be given to the charge. Judgment reversed. All concur.