WASHINGTON REAL ESTATE COMPANY *vs.* ROGER WILLIAMS SILVER COMPANY.

PROVIDENCE—DECEMBER 4, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Landlord and Tenant. Leases. Assignment. Presumption.*

When a party is found in the possession of leased premises, having succeeded to the tenant's occupation without the knowledge or consent of the landlord, he is presumed to have taken an assignment of the lease; yet this presumption is *prima facie* only, and the party may show that he is a sub-tenant or merely a licensee of the tenant, and so not bound by the terms of the lease.

(2) *Landlord and Tenant. Leases. Assignment. Tenancy by Sufferance.*

Premises were let to the X. Co. for one year, from September 1, 1895. The X. Co. became insolvent, and a receiver was appointed who took possession of the leased premises, paid the rent for two months, and sold the property to Y. The Z. Co. became incorporated May 9, 1901. The lessor was informed of the change of name. The Z. Co. purchased from Y. the property of the X. Co., and entered into occupation of the premises. Nothing was said at the time about the terms on which the premises had been hired. When the next rent became due lessor sent a bill charging the Z. Co., by name, for one month's rent at the former rate, and so on until the Z. Co. sent lessor a notice of its intention to vacate, claiming to be a monthly tenant. Lessor claimed that the Z. Co. was a tenant from year to year:—

*Held,* that the Z. Co. entered by implied license of the X. Co., and became, at most, a tenant by sufferance to the lessor, and out of this relation a tenancy from month to month, under Gen. Laws cap. 269, § 6, arose, by the monthly demand and payment of rent.

ASSUMPSIT for rent.   Heard on petition of plaintiff for new trial, and petition denied.

DOUGLAS, J.   The plaintiff sues in assumpsit for use and occupation, for the months of July and August, 1902, of a tenement, in the city of Providence, belonging to the plaintiff.

The defendant had occupied the premises for several months, paying rent therefor monthly, $60 per month, until June 30, 1902, when it vacated the premises, having given notice of its intention to do so May 29th, claiming to be a tenant from month to month.   The plaintiff claims that the defendant was a tenant from year to year, the year beginning on the first day of September.

Upon this issue the jury found for the defendant, and the plaintiff asks for a new trial on the ground that the verdict was against the law and the evidence.

(1)   The rule is well settled that when a party is found in the possession of leased premises, having succeeded to the tenant's occupation, without the knowledge or consent of the landlord, he is presumed to have taken an assignment of the lease; but this presumption is *prima facie* only, and the party may show that he is a sub-tenant or merely a licensee of the tenant, and so not bound by the terms of the lease.   1 McA. L. & Ten. 795, 781; *Williams* v. *Woodard*, 2 Wend. 487; *Quackenboss* v. *Clarke*, 12 Wend. 555; *Kain* v. *Hoxie*, 2 Hilt. 311, 316; *Cross* v. *Upson*, 17 Wisc. 638; *Welsh* v. *Schuyler*, 6 Daly, 412; *Frank* v. *N. Y., L. E. & W. R. R. Co.*, 122 N. Y. 197, 219; *Dey* v. *Greenebaum*, 82 Hun. 533–152 N. Y. 641.

The question whether he holds by assignment is one of fact, although he is in possession, pays rent, and sublets.   1 Tay. L. & Ten. § 450, n. 5.

We think this case comes within the rule.

(2)   It appeared in evidence that no terms of letting and hiring were ever agreed upon between these parties, except by the presentation and payment of monthly bills.   The premises were originally let by the plaintiff to the Howard Sterling Company for one year, from September 1, 1895, at a monthly rental of $40.   The rent was afterwards changed to $60, by

verbal agreement. The Howard Sterling Company became insolvent, and suit was brought against it by creditors, and in this suit a receiver was appointed who took possession of the leased premises and the property therein, paid the rent for two months, and sold the property to one Charles H. Tyler. The Howard Sterling Silver Company became incorporated May 9, 1901, and changed its name to Roger Williams Silver Company, May 28, 1901. The plaintiff's officers were informed of the change of name. Soon after the defendant corporation was organized it purchased from Mr. Tyler all the property of the Howard Sterling Company, including the accounts receivable, and took possession of the visible property at the premises in question, and entered into occupation of the same and carried on business there. Nothing was said, at the time the defendant entered, about the terms on which the premises had been hired. When the next rent became due the plaintiff sent a bill, charging the defendant, by name, $60 for one month's rent, and the defendant paid it; and so on, month by month, until the defendant sent its notice as aforesaid.

We cannot say, upon this evidence, that the defendant became assignee of the lease to the Howard Sterling Company. It appears, affirmatively, that the defendant's officers were never informed of the nature of the tenancy of the former corporation, further than that the rent was $60 per month. The rent bills, which were among the papers of the tenant, gave no more information, and the defendant entered under no agreement with anyone.

We think the defendant, who entered by implied license of the lessee, became, at the most, tenant by sufferance to the plaintiff—*Cross* v. *Upson*, 17 Wisc. 643—and out of this relation a tenancy from month to month, under Gen. Laws cap. 269, § 6, arose, by the monthly demand and payment of the rent. *Bishop* v. *Howard*, 3 Dowl. & Ry. 293.

Petition for new trial denied.

*P. H. Mulholland*, for plaintiff.

*Doran & Flanagan*, for defendant.