Curia, per Savage, Ch. J.
There is no question arising upon the pleadings. The declaration charges, in the usual form, that after the making of the lease, all the estate, interest and claim of the lessee, by assignment, came to and vested in the defendant. This fact is denied in the plea, and issue is taken upon it; and whether the evidence supports this allegation, is the only question.
Where the action is brought against the defendant, as assignee of a term, and the issue is on the assignment, it will be enough for the plaintiff to give .general evidence, from which an assignment may be inferred, as that the defendant *is in possession, or has paid rent. [1] The defendant may show that he is not assignee; but only under-tenant to the lessee. (2 Ph. Ev. 89. 2 Stark. Ev. 437.) [2] If the defendant is assignee of part of the estate, and is charged as assignee of the whole, the variance will be fatal. (Cowp. 766.) [3] The assignee is only liable for covenants broken, while he is legal assignee; and he may discharge himself of his liability for any subsequent breaches, by making an assignment to another. (1 B. & P. 22. Dougl. 461, 2. 3 Burr. 1272.)
The evidence in this case is sufficient to warrant the inference of an assignment. Both the defendants below and the lessee declared that the defendant below had purchased, and the waggon was delivered as the consideration of the purchase. This was attempted to be rebutted by the actual assignment from Loop to Livingston. The evidence on that subject affords the presumption, that the assignment was the consummation of a contract of sale between the defendant and Livingston. He (Livingston) *96 ant was continually m possession, and after Livingston s departure, exercised acts of ownership as before Livingston came. He rented out the lot as his own, and received the rent. He offered to sell it as his own, not as agent for Liv ingston. This testimony so far from showing the defendant a sub-lessee or an agent, is prima facie sufficient, and, being uncontradicted, conclusive to show the defendant an assignee. purchased from the defendant all his real estate, as w~s reputed, in ~l8l8; and left the place in 1819, The defend-
In my judgment, therefore, the court below erred, and their judgment should be reversed.
Judgment reversed.

 Van Ranseller ex’rs v. Gallup, 5 Denio, 454, 462.

 3 Phil. Ev. 3d ed. 150, 151. 12 Wen. 556. 2 id. 487.

 As to the pleadings, see farther, 3 Denio, 135.