## WILLIAMS vs. WOODARD.

THIS was an action of covenant, tried at the Washington circuit, in November, 1827, before the Hon. REUBEN HYDE WALWORTH, then one of the circuit judges.

The plaintiff declared on an indenture of lease, made the 1st October, 1794, between Pierre De Peyster of the one part, and Joseph Dickinson of the other part, whereby the lessor demised unto the lessee, *his executors, administrators*

*The execution of a lease, and the possession of the defendant, is evidence sufficient prima facie to charge a defendant in an action of covenant as assignee for the*

non-payment of rent; but the defendant is at liberty to prove that he is *not assignee,* as by shewing that the estate created by the lease declared on ceased before his entry.

A power of attorney authorizing the nominee to bargain, sell, convey and assure a tract of land, confers authority to execute a lease for life, containing a provision for the eventual sale.

A lease to A. B., his executors, administrators and assigns *forever,* conveys a life estate only.

In an action of covenant seeking to charge the defendant as *assignee* with the payment of rent, evidence of the death of the lessee, who had only a life estate, previous to the entry of the defendant, is admissible under a plea denying that the defendant held by assignment.

Where a covenant is contained in a lease, that on the payment of a specified sum of money the lessor will convey an estate in fee simple to the lessee, and there is no obligation on the lessee to pay, payment of the money will not be presumed; it must be shewn directly and affirmatively, and then the party must seek his remedy in chancery, not being entitled to set up such fact in bar of an action for rent.

*and assigns forever*, a certain farm containing 110 acres of land, reserving an annual rent of 26 ½ bushels of wheat; stating the entry of the lessee, a sale of the reversion to William Henderson, a transfer of the same by him to John Williams on the 1st July, 1796, and a devise by last will and testament to plaintiff, who became seized of the same on the 6th August, 1806. The plaintiff then avers, that during the continuance of Dickinson's estate, to wit, on the 1st January, 1806, the one moiety of the demised premises, by assignment, came to and vested in the defendant, who entered into possession of the same, and that on the 25th March, 1825, the quantity of 238 bushels of wheat was due and in arrear for eighteen years' rent of the moiety of the demised premises, for which he brought his action.

The defendant pleaded, 1. *Non est factum* as to the lease from De Peyster to Dickinson ; 2. Same as to the assignment of the reversion to Henderson ; 3. Same as to the assignment to Williams ; 4. That no part of the demised premises came to the defendant by assignment ; 5. The defendant craves oyer of the indenture of lease, from which it appears that there was a covenant contained in the same, that if the lessee, his executors, administrators or assigns should, within ten years from the date thereof, pay to the lessor, his heirs or assigns, the sum of £141, and discharge all arrearages of rent, that the lessor, his heirs or assigns would execute a deed in fee simple of the premises to the lessee, his heirs or assigns forever ; and then pleads that on the 1st January, 1795, Dickinson paid the stipulated sum, discharged the rent, and became entitled to a deed ; 6. That one Daniel Plumly, (to whom Dickinson had assigned the lease,) on the 1st September, 1797, paid the stipulated sum, &c. to Henderson ; 7. A like payment by Plumly to John Williams, the ancestor of the plaintiff, on the 1st September, 1797 ; 8. A like payment by one Case, the assignee of Plumly, to the ancestor of the plaintiff, on the 1st January, 1801 ; 9. A like payment by Smith, the assignee of Case, on the 30th September, 1804, to the ancestor of the plaintiff ; 10. A like payment by the defendant as assignee of Dickinson, on the 1st March, 1805, to the ancestor of the plaintiff. To the

six last pleas the plaintiff replied, denying payment and concluding to the country.

The plaintiff deduced a regular title to the premises, and proceeded to prove the lease from De Peyster to Dickinson, by offering in evidence a power of attorney from De Peyster to William Cooper, bearing date the 22d May, 1794, whereby Cooper was authorized to *bargain, sell, convey and assure* a tract of land of 2000 acres, (of which the demised premises were a part,) or any 'part thereof, to any person or persons who might incline to purchase the same; which power was duly proved on the 2d June, 1794, before a master in chancery. The counsel for the defendant objected to the sufficiency of the power of attorney as authority to Cooper to execute a lease. The judge reserved the question, and the power of attorney and lease were read in evidence. The defendant was shewn to have been in possession of a moiety of the demised premises for 23 years before the trial, and a conversation between the plaintiff and defendant relative to the rent of the lot was proved—the plaintiff demanded rent, and the defendant said he would come to Salem (where the plaintiff resided) in a day or two and see about it, and settle it, or see him and pay it ; the precise language witness could not recollect. The plaintiff claimed the amount of $708, 39 as due to him. The defendant moved that the plaintiff be nonsuited ; 1. Because it was not shewn that the defendant came into possession under the lease to Dickinson ; 2. That from the lapse of time since the giving of the lease and the non-claim of rent, the court should presume a payment of the pre-emption money. The judge refused to nonsuit the plaintiff, reserving the questions.

The defendant then offered to prove that Dickinson, the lessee of Depeyster, died about 30 years before the trial, and previous to the defendant entering into possession of the premises. The plaintiff objected to the testimony, 1. Because the lease was in perpetuity ; and 2. Because the pleadings, admitting that Dickinson was in full life, such evidence was inadmissible. The presiding judge decided that the lease conveyed only a life estate, and that the evidence was admis-

sible.   It was then proved that Dickinson died in 1795 or 1796.

A verdict was taken for the plaintiff for the amount claimed, subject to the opinion of the supreme court upon the several points raised at the trial.

*A. Van Vechten,* for plaintiff.   Shewing the lease and possession of the defendant, the plaintiff was entitled to sustain the action. ´  (2 *Phil. Ev.* 89.   *Dougl.* 183, 454.   *Cowper,* 766.   4 *T. R.* 75.   8 *T. R.* 487.)

The power to Cooper to *bargain, sell and convey,* conferred the authority to *lease,* especially to grant a lease containing provisions for an eventual sale.   The greater power always includes the lesser.   (1 *Noy's Maxims,* 16.   4 *Coke,* 23.)

Evidence of the death of Dickinson ought not to have been received.   If the defendant intended to rely upon that fact for his defence, he should have plead it specially, so that the plaintiff might have come prepared to rebut it.   (1 *Chitty,* 215, 255, 630, 670.   *Cowper,* 682.   2 *Johns. R.* 413.   5 *id.* 168.   8 *id.* 111.   *Douglass,* 461.)

The presumption of payment of the pre-emption money is rebutted by the proof in the case.   But if the money was paid, it is no defence at law.

*S. Stevens,* for defendant.   The power of attorney conferred no authority on Cooper to grant leases.   He had power to sell and dispose of the property absolutely, not to carve out estates as he thought fit.   The lease, therefore, was not the deed of De Peyster.   The power of the attorney being defined, he was a special agent, (1 *Esp. N. P. R.* 111,) and having exceeded his authority, the deed is void.   (5 *Johns. R.* 58.   7 *id.* 390.   18 *id.* 36.)

The lapse of time, without demand or payment of rent, will justify the presumption of the payment of the pre-emption money, and the execution of a deed in conformity to the provisions of the lease.   (12 *Johns. R.* 245.   16 *id.* 214.)

The rule laid down in *Phillips* and *Peake,* that possession alone is evidence sufficient to charge a defendant for rent, as assignee of a term, is not supported by the cases cited by

them. The assignee is liable only by privity of estate, and cannot be charged for a period longer than he is actually or constructively in possession. But to charge an assignee, possession need not be shewn; and it would be singular, indeed, that proof of a fact not necessary to be proved should supply a defect in evidence necessary to the maintenance of an action. (2 *Chitty,* 194, *note m,* 197 *n,* 7. 7 *East,* 340. *Woodf.* 113.)

The lease to Dickinson conveyed only a life estate. The word *heirs* having been omitted, no other words will supply the defect. (2 *Black. Com.* 107, 8. 3 *T. R.* 388. *Co. Litt.* §1 *to* 96.) By the death of Dickinson, the estate was gone, upon the privity of which alone the defendant could be held liable. (2 *Johns. R.* 1.) The evidence of Dickinson's decease was directly in support of the defendant's fourth plea, and in denial of the material averment in the declaration, that the defendant held the premises by assignment, and was therefore properly received.

*Van Vechten,* in reply. The plea of *non est factum* only put in issue the fact of the execution of the lease, not by De Peyster, but by Dickinson. The lease being proved and the possession shewn, the defendant will be considered not as a trespasser, but as holding under the lease.

*By the Court,* SAVAGE, Ch. J. The points arising in this case, and necessary to be discussed, are the following : 1. Did the power from De Peyster to Cooper authorize the execution of the lease to Dickinson ? 2. Did the plaintiff shew *prima facie* that the defendant was in possession as the assignee of Dickinson ? 3. Is payment to be presumed from lapse of time ? 4. Was the evidence of the death of Dickinson properly admitted, and what is the effect of such proof ? Another question was agitated on the trial, which should be noticed, viz. whether the lease conveyed an estate in fee or for life only? The grantor. " doth demise, grant and to farm let to the party of the second part, (Joseph Dickinson,) his executors, administrators and assigns, all," &c. " to have and to hold the said farm, piece or parcel of land, with all the appurtenances unto the said party of the second part, his executors, admin-

istrators and assigns, from the date hereof forever, yielding and paying," &c. " The word heirs is necessary in a grant, in order to make a fee or inheritance ; for, if land be given to a man forever, or to him and his assigns forever, this vests in him but an estate for life. (2 Black. Com. 107. Litt. § 1. 1 Cruise, 68.) There can be no question, therefore, that the estate conveyed was a life estate for the life of the lessee.

1. The power from De Peyster to Cooper bears date the 22d May, 1794, and recites that the land is too far distant from him to explore, examine, sell or settle, and therefore he appointed Cooper his attorney to bargain, sell, convey and assure the same, or any part thereof, to any one inclined to purchase. It is no doubt true that every power must be strictly pursued, and the attorney cannot exceed the powers delegated to him ; (5 Johns. R. 58 ; 7 id. 390 ;) yet it is a good execution of a power if it pursue the intent and design, though not according to the direct terms of it. (Sugden on Powers, 446, 9.) It has been held that a power to give includes a power to sell, as does also a power to charge, (6 Vesey, 793;) and that a power to sell implies a power to mortgage, which is a conditional sale. (3 P. Wms. 9.) By analogy, a power to make an absolute sale implies a power to make a conditional sale, as was done here ; and, as omne majus in se continet minus, it seems to follow that a power to sell gives the attorney power to convey any lesser estate. In my opinion, therefore, the lease and contract in this case were well executed under the power.

2. The plaintiff succeeded in shewing a lease to Dickinson. He also proved the reversion in himself ; but before he could recover against the present defendant, he must shew him to be assignee, as he is liable, if at all, upon the privity of estate. It appears that Dickinson took possession under the lease to him ; and that for more than 20 years before the trial, the defendant was in possession of one half of the lot leased to Dickinson. This was prima facie sufficient to shew the defendant assignee. (2 Phil. Ev. 89.) But the defendant is left at liberty to shew that he is not assignee, but only under-tenant, &c. The issue joined upon the fourth plea is, whether the defendant is assignee. The plaintiff has shewn

enough, in the first instance, to establish the fact ; but the defendant is at liberty to disprove it.   He has undertaken to do so in this instance, by shewing that the estate created by the lease declared on had ceased by the death of the lessee, before the defendant entered.

4. Evidence of the death of Dickinson was objected to on the ground that by the pleadings it was admitted he is living. I find no such admission, nor do I see how the defendant is to be deprived of the benefit of this testimony.   The defendant is sued as assignee of a lease ; under the proper plea, he might shew, if he could, that such lease never had an existence.   So, also, is he at liberty to shew that he cannot be assignee of the lease declared on, because the lease has expired ; that the estate granted by it is at an end ; and when the defendant entered, the land had reverted to the owner of the reversion, and there was nothing left to assign.   The defendant has not shewn how he entered, or under what title ; but he has shewn enough, in my judgment, to rebut the presumption of his having entered as assignee of Dickinson.

If my conclusion on this point is correct, there is an end of this cause.   But if the defendant is to be considered assignee, another question arises, to wit, whether, from the lapse of time, payment is not to be presumed of the purchase money.   I should think not.   There was no obligation to pay any thing but the rent.   It was a condition of the contract, that upon payment of a certain sum within ten years, the lessee or assignee was to receive a deed ; and before that part of the contract can be enforced, it must shewn affirmatively that payment was made, or tendered and refused, and then the remedy is in chancery.   With that part of the contract, we have nothing to do.   But upon the ground that the estate was at an end before the defendant entered into possession, it seems to me impossible to say that the defendant was assignee of Dickinson.

I am therefore of opinion that the defendant was entitled to judgment.