By the Court,

Cowen, J.
Bringing the introductory clause in the declaration and the fifth count into immediate juxtaposition, we then have the allegation that the plaintiffs below were trustees of the creditors of John M’Lane, who is shown to have been regularly proceeded against as an absconding debtor. There is, to be sure, no direct averment that their appointment was in consequence of the proceeding mentioned. This, however, is plainly inferable from the whole matter, which is sufficient on writ of error, no special demurrer having been interposed.
Scarcely a question was made on the argument that, being properly connected with the proceeding, the defendants in error might sustain an action against the sheriff for his alleged default. (1 R. S. 798, § 7, 2d ed.)
It is not insisted that the seizure by the sheriff detracted any thing from Renscher’s right to distrain. (1 R. S. 796,2d ed. § 28.) This being so, the proceeding is disembarrassed of the objection thatthe goods were in the custody of the law. They are to be looked upon as goods removed by M’Lane from the demised premises, and still held by him. No question is made that they were distrained within the thirty days allowed by the general statute. (2 R. S. 413,2d ed. § 16,17.) Nor was-any such question specifically raised in the court below.
Coming to the general, statute, I have not been able to discern any ground for the peremptory direction given to the jury by the court below, that there was no right of distress. If M’Lane had been a mere under-tenant of James, the goods belonging to M’Lane and being removed before a right to dis-train accrued to the landlord, they would, indeed, have been exempt from distress, within the late case of Coles v. Marquand, (2 Hill, 447.) Otherwise, if he was assignee, according to the same case. There was nothing in the proof directly defining his relation ,• and it should at least, I think, have been left with the jury to say whether he was one or the other. *116 The presumption of law, where a man is shown to be in possession of leasehold premises, without any thing more, I take to be, that he is in as an assignee of the original tenant. (2 Phil. Ev. 150, 151, N. Y. ed. of 1839; Williams v. Woodward, 2 Wend. 487, 492.) Here too is proof beyond mere possession. M’Lane paid rent to Renscher. (Id. ibid.)
The judgment must, I am of opinion, be reversed, and a venire de novo go from the court below.
Ordered accordingly.