GLOVER *vs.* WILSON.

The action of assumpsit, for use and occupation, will not lie during the existence of an outstanding lease of the same premises; unless upon evidence that the defendant, or occupier, went into possession under some new and distinct agreement of letting and hiring, between him and the landlord.

Whether there was such a new agreement, and possession under it, is a question of fact for the jury.

Where a tenant is in possession of leasehold premises under circumstances from which an assignment of the lease to him, from the lessee, may be inferred, he is liable to the landlord, in an action of *covenant* upon the lease, for the rent accruing during the time of his occupation of the premises; by virtue of his privity of estate with the lessor.

THIS was an action of *assumpsit* for use and occupation, with a count for money had and received, &c. Plea, *non-assumpsit*, with a notice of set-off and that the premises were occupied by the defendant and held under indentures of lease sealed by the plaintiff, and assigned to Wm. R. Tremmells; and that the defendant occupied as tenant at sufferance, by the consent and permission of Tremmells, the assignee of the leases, and not otherwise. The cause was tried at the New-York circuit in October, 1841, before Kent, circuit judge. The premises in question were seven lots of land situated on Cherry-street in the city of New-York. The plaintiff made title to the premises by giving in evidence a deed from the executor of John J. Glover deceased, to him, dated June 30, 1834. On the 20th of Dec. 1832, the plaintiff leased three of the lots to Seymour & Munson for the term of seven years from the 1st of January, 1833, at the yearly rent of $240, payable quarterly. On the 1st of

Glover *v.* Wilson.

May, 1833, the plaintiff leased the other four lots to Seymour, T. J. Bergen, and C. J. Bergen, for the term of ten years, at an annual rent of $400 for the first seven years, and of $480 for the remaining three years. The rent was paid by the lessees to the 1st of August, 1837. On the 1st of October, 1837, the defendant having purchased of the lessees their interests in the leases, went into posssesion of the premises, after having given the lessees a bond of indemnity against the rent to accrue after that date. The defendant continued in the occupation of the premises until May 1, 1838. When he went into possession, two months of the current quarter had expired; and the rent for the two months, $106,67, was paid by the lessee to the defendant. The plaintiff claimed to recover the sum thus paid to the defendant as so much money had and received to the plaintiff's use, and the sum of $373,33 for the use and occupation of the premises during the time they were actually occupied by him; making in the whole $480. The defendant moved for a nonsuit, on the ground that from the facts proved, the plaintiff could not recover in assumpsit. This motion was overruled, and the defendant excepted. In order to show title out of the plaintiff, the defendant gave in evidence the two leases of the premises above referred to, executed by the plaintiff, one of which was to J. M. Seymour, T. J. Bergen and C. J. Bergen, and the other to J. M. Seymour; with assignments of those leases to T. Spencer, and from him to Tremmells. The counsel for the defendant then moved for a nonsuit, on the ground that the title to the premises was not in the plaintiff; and that he could only recover the rent by resorting to his legal remedies by or under the lease, and that he could in no event recover against the defendant in *assumpsit.* The judge charged that if the jury believed the assignment of the leases to Spencer, and by him to Tremmells, to be fraudulent, and intended as a cover, for the benefit of the defendant, then they would be authorized in finding that the defendant held under the plaintiff during the time he was in the occupation of the premises; and that they might give such damages for use and occupation as should be equivalent to a fair rent; which had been proved to be at

the rate of $640 per annum ; and that, as to the money received by the defendant from Seymour and Bergen, the plaintiff was entitled to recover the same. The jury found accordingly ; and the defendant, upon a case, moved for a new trial.

*E. Seely,* for the plaintiff. I. The case presents no exception to the plaintiff's right to recover the amount claimed for money had and received; and to this extent, the verdict was confessedly right. II. As to use and occupation. Upon the case made by the plaintiff's evidence, the only objection taken (and that related to the rent only) by the defendant's counsel was that the plaintiff could not recover in assumpsit. The objection was to the form of the action, not to the defendant's liability to the plaintiff, upon that evidence, in some form of action. No question was made as to the amount. The defendant is now, therefore, restricted to the simple question whether the form of action was right. Even if there had been any conflicting or doubtful evidence as to the time the defendant occupied, that question was fairly submitted by the learned judge to the jury. So, too, if there had been conflicting or doubtful evidence as to whether the defendant occupied under the plaintiff, or under Tremmells. The defendant is not now at liberty to raise that question ; not having made any question of the kind on the trial, nor requested the judge to charge on that point. He only insists the plaintiff cannot recover in assumpsit. Then the actual occupation of the premises by the defendant having been fully proved and conceded on the trial, we insist the charge of the judge was not only put in the most favorable way for the defendant, but that assumpsit, (or debt for use and occupation,) was the only form of action which would lie ; and if covenant had been brought, charging the defendant as assignee, the plaintiff, upon the evidence, would have been nonsuited. (1.) All the evidence goes to show that the defendant entered recognizing the plaintiff's title as landlord. The bond of indemnity is conclusive upon the defendant that he took the premises of the original lessees ; for in it he agrees to pay the rent to the plaintiff, and to indemnify them, the lessees, against their lia-

bility under their covenants, for the rent. No reference is made to any interest or title in Spencer, Tremmells, or any other person except the original lessees; and that bond is dated five days after the defendant's occupation commenced. The defendant, therefore, entered recognizing the title of the plaintiff as his landlord. Hence it is obvious that the assignment of the lease to Spencer five days before the date of the bond, and by Spencer to Tremmells on the 8th Dec. more than two months after the defendant's occupation of the premises commenced, was all a mere cover for the defendant's benefit; and the reason was that the defendant was embarrassed by judgments, and could not hold titles in his own name without exposing them to his creditors. This appeared in evidence. Hence the charge of the judge was fully justified. (2.) There was no evidence in the case that both Spencer and Tremmells were not perfect strangers to the defendant. He did not even attempt to show that he ever knew either of them as his landlord. (3.) The plaintiff's title was fully proved; but that was a work of supererogation, for 1st. the tenant having occupied the premises, recognizing the plaintiff as the landlord, it is not competent for him to dispute the plaintiff's title. (2 *Saund. Pl. & Ev.* 423.) *Nil habuit in tenementis* is no defence in an action for use and occupation. (*Curtis* v. *Spelty*, 1 *Bing. N. C.* 15; *S. C.* 27 *Eng. Com. L. R.* 291.) And 2d. The bond of indemnity estops the defendant from insisting that he did not hold under the plaintiff. (4.) The absurdity of the pretence that the defendant occupied as tenant at sufferance of Tremmells is apparent from the fact that the assignment to Tremmells bears date the 8th Dec., more than two months after the defendant entered, recognizing the plaintiff's title as landlord. (5.) These leases and assignments were not admissible for the purpose of showing title out of the plaintiff, but admissible, if at all, only as one link in a chain of evidence to show either that the defendant was ultimately an assignee of the lease, or that he entered as the sub-tenant of the assignee. Then, first, the defendant was not assignee of the lease; because upon his own showing Spencer and Tremmells were assignees. The paper title was

in them, and he, by his own showing, was holding under somebody by a parol agreement only. The defendant occupying the premises must pay rent to somebody ; but not being assignee, assumpsit was the proper form of action. Covenant would not lie ; an under-tenant is not liable in covenant ; the party must be assignee of the whole term. (2 *Saund. Pl. and Ev.* 135. *Holford* v. *Hatch*, 1 *Doug.* 183, 187. 1 *Esp.* 502. 2 *Id.* 575. 9 *Cowen*, 88. 4 *Wend.* 492. 12 *Id.* 555.) But it has been already shown that the defendant was not under-tenant to Tremmells. Hence it follows, that not being assignee nor holding under Tremmells he was liable to the plaintiff, and that assumpsit was the proper remedy. Hence too, even if the assignments to Spencer and Tremmells had been *bona fide*, this would have been no defence to the present action ; for it would be equally true that the defendant was not assignee, nor, upon the evidence, an under-tenant of Tremmells. It it be said that there being in fact a sealed lease of these premises, the law presumes the tenant in possession is an assignee, we admit that is the rule. (*Lansing* v. *Van Alstyne*, 2 *Wend.* 561.) In the present case the presumption is rebutted, 1. by evidence on the part of the plaintiff, and 2. by the defendant's proof that another party is assignee, and not the defendant. The fact that there was a sealed lease, unexpired, of the premises, opened to the defendant two grounds of defence consistent with his actual occupation : " first, that he was assignee of the term and not liable in assumpsit ; or, second, that he was under tenant of the lessee. Neither of these positions, in the present instance, is sustained by any evidence, and the contrary is directly established. (*Drury Lane Theatre Co.* v. *Chapman*, 47 *Eng. C. L. Rep.* 12, 18.; *S. C.* 1 *Car. & Kirwan*, 14. 39 *Eng. Com. L. Rep.* 111 ; *S. C.* 11 *Ad. & Ellis*, 335.) In any view, therefore, the verdict was right.

*S. Sherwood*, for the defendant. I. The judge erred in charging that assumpsit could be maintained for use and occupation against Wilson ; with whom, and the landlord, the relationship of tenant was not shown. (1.) If Wilson was in pos-

session at all, he was not shown to hold under the plaintiff. (2.) The plaintiff ejected Kirkpatrick, and took possession in January or February, 1838. II. The landlord having leased the premises, could only maintain an action of debt, or covenant, for the rent. III. If Wilson was liable at all, he could only be liable as assignee, and then the suit must have been on the lease. IV. The plaintiff had no title except for rent under the lease. After leasing the premises, and while the leases were still in force, he could not bring action for use and occupation.

*By the Court*, McCoun, J. The plaintiff appears to have mistaken the form of his action for rent, which he claimed to be in arrear from the 1st of October, 1837, to 1st of May, 1838. Instead of assumpsit for *use* and *occupation*, he should have sued upon the lease; and upon the facts as they appear in this case, and on the authority of *Armstrong* v. *Wheeler*, (9 *Cowen*, 88;) *Williams* v. *Woodward*, (2 *Wend.* 487;) and *Quackenbush* v. *Clark*, (12 *Id.* 555,) the jury would have been warranted in finding that the defendant Wilson was the assignee or owner of the lease, and as such in possession during that time, and consequently liable in covenant for the rent which accrued while he remained such owner, by virtue of his *privity of estate* with the lessor. The action for use and occupation will not lie in the presence of an outstanding subsisting lease of the same premises; unless upon evidence that the defendant or *occupier* went into possession under some new and distinct agreement of letting and hiring between him and the landlord. Whether there be such new agreement and possession under it, is matter of fact for the jury. Such was the case in 1 *Carr. & Kirwan's Rep.* 14. Now here the plaintiff adduced no evidence of any such new agreement, under which the defendant Wilson went into possession. There was no *privity of contract* between them shown; no proof from which the jury could infer " use and occupation," except under the lease itself. The judge's charge was such as he ought to have given had it been an action of covenant on the lease seeking to make Wilson liable as assignee; and the verdict would have been right enough, in

such an action. But the charge, and the finding, were misplaced in the action of assumpsit.

There must be a new trial, unless the plaintiff elects to take a judgment for $106,67 and the interest thereon, being for two months' rent from the 1st of August to the 1st of October, paid to the defendant by the lessees, which money the plaintiff is clearly entitled to recover in this action, and on the count for money had and received.

---

SAME TERM.   *Before the same Justices.*