## VAN SCHAICK *vs.* THIRD AVENUE RAIL ROAD COMPANY.

The plaintiff executed a lease of premises to V. as the agent or trustee of an association, of which the defendant, a corporation, was the successor. The association transferred all its property to the corporation, and caused the lease to be assigned to the corporation, and the latter covenanted to do and perform all things which the association were bound to do. *Held* that the plaintiff could maintain an action against the defendant, upon the covenant for payment of rent, in the lease; and that he could recover thereon, for rent during the whole term.

ACTION by the plaintiff, Myndert Van Schaick, for the recovery of rent which had accrued upon a lease executed by him to one Henry Van Schaick, and which lease had been transferred by the latter to the defendants.

DAVIES, J. If the defendants can be regarded as standing only in the position of assignees of the lease made by the plaintiff to Henry Van Schaick, then they are not liable to the original lessor, the plaintiff, for rent which has accrued since they ceased to have possession of the demised premises. If they are only assignees of the lease, they are not liable for any breaches of the covenants of the lease since their assignment of the lease to Searles.

The court, in *Carter* v. *Hammett*, (18 *Barb.* 608,) held that "the only liability of the assignees at any time was the result of their possession, and was limited in its duration by the operation of that possession. * * * The rule in such cases is—and it is well founded on the principles of justice and implied contracts—that each successive party, other than the original lessee, is liable only by reason of, and for the term of his own possession. Possession is, therefore, both the foundation and the boundary of the liability." Chancellor Walworth, in *Childs* v. *Clark*, (3 *Barb. S. C. R.* 60,) says : "It is perfectly well settled, however, that the assignee of a lease is only liable, as such assignee, for the rents which accrued or became payable, or for other covenants broken, while he was such assignee; and that he may discharge himself from all

further liability by assigning his interest in the premises to a stranger, even if the assignee is a beggar; provided he actually relinquishes the possession of the premises and all interests therein, so that the assignment is not merely colorable or fraudulent. For as there is no privity of contract between the lessor and the assignee of the lease, the latter is personally liable only in respect to his privity of estate in the land, or in respect to covenants running with the land, for the rents which accrued and became payable after such privity of estate commenced, and before it terminated; that is, while he enjoyed, or had the right to enjoy, the premises, or some part thereof, as an assignee of the lease." In support of these propositions, he cites *Armstrong* v. *Wheeler,* (9 *Cowen,* 88;) *Torry* v. *Pitcher,* (*Carth.* 177;) *Likeux* v. *Nash,* (2 *Strange,* 1221;) *Taylor* v. *Shum,* (1 *Bos. & Pull.* 21.) The cases referred to fully sustain the positions of the chancellor, and the case in Strange further holds that it was no fraud in the assignee to assign to a prisoner in the Fleet, to whom he lent five shillings to pay to him the foundation of the assignment. It is clear, therefore, upon the authorities referred to, that if the defendants stand in the character of assignees solely, they are not liable for any rent accrued since their assignment to Searles. But it seems to me that the facts disclose an entirely different case, and by it their liability is to be tested.

The lease was in fact made to Henry Van Schaick, as the agent or trustee of the company of which the defendants are the successors. The original association or company assumed all the covenants of the lease, and the present defendants have taken from the association all its property, with covenants to do and perform all things which the association were bound to do. And immediately upon the execution of such transfer by the association, and to effectuate and carry into effect the grant made by it to the defendants, Henry Van Schaick, the trustee and agent of the association, assigned the lease to the defendants.

The defendants are therefore the true owners of the lease,

and Van Schaick held it for their benefit. If he had refused to transfer it to them, this court would have compelled him to do so. He did voluntarily what he was under a legal obligation to do, vest the title to the lease in the name of his principals. It cannot be denied that if Henry Van Schaick had been sued for the rent reserved by this lease, or was about being sued therefor, he might maintain his action against these defendants to compel them to relieve him from the position he occupied, as their trustee and surety.

I think, therefore, when the defendants took the assignment of the lease from Van Schaick, on the organization of this company, they but carried out and gave effect to the intention of the parties, that when the company should become legally organized and competent to take title, they were to become the lessees of the premises, and subject to the performance of all the covenants on the part of the lessees. Regarding the transaction in this light, and which I am satisfied is the true aspect in which to regard it, and which is confirmed by the acts of the parties, the case of *Lorillard* v. *Lorillard* (4 *Abbott's Pr. R.* 210) is not without significance. In that case it was clearly intimated, that if the original lessee was the mere instrument of the subsequent assignee, and in fact it was not intended that any title should vest in the original lessee, then that the subsequent assignee might be liable to pay the rent, even though he had assigned the lease. These views were expressed upon the principle that the real party in interest should pay the rent, and that when that party was discovered he might be made liable. In this case there can be no controversy that the original association was in fact, though not in name, the true and actual lessee ; and it seems to me that the defendants have assumed the same position, and have subjected themselves to the same liabilities.

There can be no doubt that Henry Van Schaick is liable to pay this rent, and standing as he does, in my opinion, as surety for the defendants, his creditor can avail himself of his right

primarily to call upon the defendants, to pay directly to him, instead of compelling Henry Van Schaick to pay him, and leave him to call upon the defendants for reimbursement.

This rule is clearly laid down in *Curtis* v. *Tyler,* (9 *Paige,* 432,) and is every day followed in this court. In that case the plaintiffs were held entitled to avail themselves of a security given to the debtor for the payment of the debt owing to them. The chancellor says: " It is well settled, however, that when a surety, or person standing in the situation of a surety for the payment of a debt, receives a security for his indemnity, and to discharge such indebtedness, the principal creditor is in equity entitled to the full benefit of that security. And it makes no difference that such principal debtor did not act upon the credit of such security in the first instance, or even know of its existence."

I therefore hold, that the defendants contracted with the plaintiff through Henry Van Schaick, as their agent or trustee.

1st. That they impliedly as well as expressly agreed to pay the rent, to assume the position of lessees, and to indemnify Henry Van Schaick.

2d. That the contract originally made between the company while unincorporated, and Henry Van Schaick and the plaintiff, was legally and equitably made with the defendants when incorporated, and that they adopted it, and availed themselves of its benefits, &c.

3d. It follows, that taking the benefits resulting from the arrangement, they are also subject to its burdens, certainly to the extent of relieving and indemnifying Henry Van Schaick to the amount of his liability to the plaintiff.

4th. That in equity Henry Van Schaick's right to indemnity is the property of the plaintiff, his creditor, and may be enforced by him.

The plaintiff is therefore entitled to judgment, that the defendants perform with him all the covenants of the lease to be kept and performed by the lessees, and pay the back rent,

and pay off and discharge all assessments unpaid on the premises since the date of the lease; and that the plaintiff recover his costs to be adjusted, &c.

[NEW YORK SPECIAL TERM, May 2, 1859. *Davies*, Justice.]