Bedford v. Terhune.

GUNNING S. BEDFORD *v.* HENRY TERHUNE *and another.*

An action for use and occupation of premises cannot be maintained against a party in occupation when it appears that there is a lease of the premises outstanding in a third person.

Where a lease is outstanding, and a party other than the lessee is in possession, it is presumed that he is the assignee of the lease, unless it is shown that he holds under a demise from the lessee; and as assignee he is not liable in an action for use and occupation, as his liability is founded upon privity of estate, and the action must be upon the lease.

A surrender of the lease before the expiration of the term, and that the party in occupation afterwards held under a distinct and independent agreement with the lessor, may however be implied from circumstances.

The fact that the lessee had failed, that the defendant succeeded to the same business which the lessee had previously carried on in the same premises; that when the lessor was advised of these facts, that the defendants gave him their assurance that he need feel no concern for his rent, that they continued thereafter to pay the rent to him and not to the lessee, and that they applied to hire the premises from the lessor for another year, telling him they were among his best tenants, and had always paid their rent punctually—*Held,* sufficient to warrant a jury in finding in an action for use and occupation, that there was a change of tenancy by the consent of all parties.

APPEAL by defendants from a judgment of the Marine Court at General Term.

The plaintiff, as owner of certain premises, brought an action for their use and occupation, against the defendants as his tenants. The defendants denied that they ever occupied the premises as tenants of the plaintiff, and it appeared on the trial that on or about the 1st day of August, 1855, plaintiff leased the premises mentioned in the complaint to the firm of E. & A. Ingraham & Co., for the term of two years and nine months, from the first day of August, 1855. The defendants claimed that they hired, used, and occupied the premises solely as the tenants of said firm of E. & A. Ingraham & Co., and of no other person whomsoever, and that the plaintiff had never recognized the defendants as his tenants, or in any manner accepted a surrender of the lease of said premises to said E. & A. Ingraham & Co.

Bedford v. Terhune.

It appeared that Ingraham & Co. failed before the expiration of the lease, and the plaintiff then called at the premises, and the defendants, who were in occupation, told him that he need not fear or be concerned about the rent; that they intended to occupy the store for the same business. The defendants did continue to occupy the store, and paid the rent, requiring receipts therefor in the following form—

"NEW YORK, *March* 2, 1858.

"Received of Terhune & Edwards, for account of E. & A. Ingraham & Co., $450 for one quarter's rent, due 1st day of February, 1858.               G. S. BEDFORD,

"Per Peter A. H. Jackson, Agt."

The plaintiff's agent had a conversation with the defendants in March in regard to hiring the premises for another year, when the defendants said they ought to have them for the year following, as they were among the plaintiff's best tenants, and had always paid punctually.

The defendant's counsel moved to dismiss the complaint, on the grounds (1) that there was no contract between plaintiff and defendants; (2) that nothing had been shown by which the relation of landlord and tenant could be inferred; and (3) that any presumption arising from the occupation of the premises was rebutted by proof of hiring. The Court refused to dismiss, and charged the jury as follows:

"If the jury believe the parties made the agreement as sworn to by the witness, and entered upon it at the time it was made, and carried it out up to this last quarter by the one party paying the rent every quarter, and occupying the premises, and the other party receiving the rent each quarter, then I charge you that in law the defendants are liable for this rent. But if you believe that no such agreement or understanding was made or had, then the defendants are not liable."

The jury found for the plaintiff. The General Term of the Marine Court affirmed the judgment, and the defendants appealed to this Court.

*Albert Mathews,* for appellants.

*Reynolds & Van Schaick,* for respondent.

Bedford v. Terhune.

BY THE COURT.—DALY, F. J.—The action was for use and occupation; the plaintiff averring that the defendants occupied the premises as his tenants, and the defendants answering that they hired and occupied them as tenants of E. A. Ingraham & Co. Upon the trial it was shown that the plaintiff demised the premises by a written lease to E. A. Ingraham & Co. for two years and nine months from the 1st of August, 1855, and a series of receipts were produced signed by the plaintiff's agent, acknowledging the receipt of rent from the defendants for the account of E. A. Ingraham & Co., extending from the 1st of May, 1855, to the 2d of March, 1858. The action was for the quarter's rent from 1st of February to the 1st of May, 1858. The plaintiff having heard that E. A. Ingraham & Co. had failed, went to the premises and saw the defendants, who told him that he need not fear or be concerned about the rent—that they intended to occupy the store for the same business. When this interview took place did not appear, but the defendants continued to occupy the premises thereafter, and paid the rent, the receipts for the rent being written according to their dictation. In March, 1858, the plaintiff's agent had a conversation with them about hiring the premises for a year after the 1st of May, 1858, when they said that they ought to have them for the following year, as *they were among the plaintiff's best tenants* and had always paid punctually. When the rent was demanded for the last quarter, the defendants said that they had paid money enough on account of E. A. Ingraham & Co., and should pay no more; that E. A. Ingraham & Co. owed them largely. Upon this state of facts, the Judge charged the jury substantially, that if the defendants made the agreement with the plaintiff inferable from the above state of facts, and carried it out by occupying the premises and paying the rent up to the commencement of the last quarter, the plaintiff receiving the rent from them each quarter, that the defendants were liable to the plaintiffs for the last quarter's rent; to which instruction the defendants excepted, and the jury found for the plaintiff. The defendants also asked for a dismissal of the complaint upon the grounds that there was nothing in the case from which the relation of landlord and tenant or any contract between the plaintiff and the defendant could be in-

ferred; that the presumption arising from occupation was rebutted by the proof of hiring.   The application was denied.

There was sufficient in the case to submit to the jury the question, whether the occupation of the premises by the defendants was under an agreement made by them with the plaintiff, and though that question was not put to the jury as clearly or as intelligently as it might have been, yet it is apparent from the language used by the Judge that he meant to and did, in effect, leave that question to them.

All that was offered with a view of showing that the defendants occupied as under tenants of E. A. Ingraham & Co., after the failure of that firm, was the receipt given by the plaintiff's agent under the defendants' dictation, acknowledging the receipt of rent for account of E. A. Ingraham & Co.  This was a circumstance, but not a controlling one.   It was to be weighed as against the other evidence, and left to the jury for them to determine what conclusion was to be arrived at from the whole of the evidence taken together, and a question of fact which upon such evidence might have been determined either way, was one in respect to which the finding of a jury is conclusive. The fact that the defendants succeeded to the business of E. A. Ingraham & Co., or carried on a similar business in the same premises after the failure of that firm, that at the outset of their occupation or when the plaintiff was first advised that they meant so to occupy and carry on the same business, they gave him their assurance that he need feel no concern about his rent; the fact that they paid their rent not to E. A. Ingraham & Co., but to the plaintiff as long as they continued to pay it, and that they wanted to hire the store for another year, urging as a reason to induce the plaintiff to let it to them, that they were among his best tenants and had always paid their rent punctually, were circumstances sufficient to support a finding by the jury that they held under a distinct and independent agreement with the plaintiff, and not as tenants under a demise from E. A. Ingraham & Co., notwithstanding the form in which the receipts were drawn.

The lease to E. A. Ingraham & Co. embraced the period during which the defendants occupied, and where a lease is

outstanding and a party other than the lessee is in possession, the presumption is that he is the assignee of the lease, which may be overcome, however, by showing that he holds under a demise from the lessee. (*Armstrong* v. *Wheeler*, 9 Cow., 88; *Williams* v. *Woodward*, 2 Wend., 487; *Quackenboss* v. *Clark*, 12 Id., 555.) If the party in occupation must be regarded as the assignee of the lease, the landlord cannot sue him for use and occupation, as his liability to the landlord for the rent is founded upon privity of estate, and the action must be upon the lease. (*McFarlan* v. *Watson*, 3 Comst., 286.) If there was nothing in the case but the occupation of the premises by the defendants, they would be regarded as assignees of the outstanding term demised by the plaintiff to E. A. Ingraham & Co., and the plaintiff could not sustain the present action for use and occupation. But a surrender of the lease with the consent of the landlord before the expiration of the term may be inferred from circumstances, and a lease by the landlord to a third party with the consent of the former tenant, operates as a surrender of the previous lease and estops the landlord from claiming any rent thereafter under that lease. (*Schiefflin* v. *Carpenter*, 15 Wend., 400; *Smith* v. *Niver*, 2 Barb., 180.) In this case there was evidence to warrant the conclusion of a change of tenancy with the consent of all parties, and the acceptance of the defendants by the plaintiff as original tenants under an agreement by them to pay rent to the plaintiff for the use and occupation of the premises, which, under the authorities, was sufficient to entitle him to maintain this action. (*Matthews* v. *Sloan*, 8 Taunt., 270; *Drury Lane Company* v. *Chapman*, 1 Carr. & Kirwan, 14.)

The judgment should be affirmed.

HILTON, J.—I concur.

BRADY, J.—In this case the defendants claimed to be the tenants of E. & A. Ingraham & Co., but on the trial no evidence of such a relation was given, except the receipts taken by the defendants on the payment of rent to the agent of the plaintiff, and in which the amounts paid were stated to be re-

Bedford v. Terhune.

ceived for account of E. & A. Ingraham & Co. Why the moneys were paid by the defendants does not appear; whether as agents, attorney in fact or as assignees of the term, is not shown. The chief feature of the defendants' defence is for this reason wanting. The receipts for the reason stated are vague and unsatisfactory, and would not justify the inference that the money paid was paid by the defendants as under tenants, more particularly when they said after the failure of E. & A. Ingraham & Co. that they intended to occupy the store for the same business carried on by that firm. In the absence of this proof there is no evidence showing that the defendants are liable to E. & A. Ingraham & Co. under any hiring from them, a legal conclusion which if it existed would in my opinion, require in this case the application of other legal principles than those upon which it must be decided. The plaintiff finding the defendants in possession as detailed by the witness Jackson, and governed by the details of the interview which then took place, with the other circumstances developed, I think the hiring from or occupation under the plaintiff was a question of fact which could be submitted with propriety to the jury as was done here. I do not design to add anything on this branch of the case to the views expressed by Judge Daly, in which I concur.

I think the judgment should be affirmed.