By the Court.*—Garvin, J.
This action is brought to recover a reasonable compensation for the use and occupation of an additional story used by defendants, from February 1, 1866, up to and including May 1, 1867.
The complaint alleges plaintiffs’ ownership ; notice to "the defendants that if they used the premises he would charge them $400 per year therefor ; that the defendants entered into possession; use and occupation by defendants for fifteen months; that the amount claimed is a *144 reasonable sum; and that, during the quarter preceding May 1, 1866, the said Planer and Kayser assigned and transferred to the defendants all their right, title, and interest in the premises in Elizabeth-street; that Planer and Kayser refused to.enter into any written agreement for the letting or hiring of the additional story ; and that the rent-is still unpaid.
All these allegations except the assignment are admitted, for want of any denial in the answer.
That such a complaint contains facts stifficient to constitute a cause of action for use and occupation for the. one year, will hardly be denied. In the absence of any-written or verbal agreement for the duration of their term,. Planer & Kayser were only tenants of the additional story from year to year; and their term expired May 1, 1866 (1 Rev. Stat., 744, § 1); thus showing a clear cause of action against the defendants for use and occupation of the premises for the year beginning in May, 1866. After that date, the defendants could not have been under-tenants of Planer and Kayser— their term expired before the defendants’ commenced. If not under-tenants, the defendants are. liable to the plaintiffs as owners (Wood v. Wilcox, 1 Den., 38 ; 7 Hill, 88 : 1 Rev. Stat,, 748,' § 26). The use and occupation of the premises would imply a promise to pay what they were reasonably worth; or, in other words, a reasonable compensation.
But it is objected that an action on the case for use and occupation is founded upon contract, and lies only when the relation of landlord and tenant exists. This is a sound principle, and rests not only upon authority but upon the statute. Such contract need not, however, be express — it may be implied from circumstances (Despard v. Walbridge, 15 N. Y., 374; 13 Johns., 297, 240 ; 1 Wend., 134; 17 Barb., 149).
It is admitted that the defendants went into possession, occupied and enjoyed the use of the premises for fifteen month. They were notified what the rent would be if they used the premises. They deprived the plaintiffs of the use and occupation of them, and took the benefit and had *145 the advantage. Upon these facts we are bound to infer an agreement, and promise to pay a reasonable compensation. The promise or contract having been made out, the relation of landlord and tenant follows.
This disposes of the defense to plaintiffs’ claim for the year preceding May 1, 1866, but leaves the question of compensation for the last quarter preceding that period undisposed of. It is averred that there was an assignment and transfer to the defendants of all the interest of Planer and Kayser to the additional story; that it was occupied by the defendants, who went into possession. The fact of the possession is admitted, and this is evidence of an assignment in the first instance. This principle has been held so often that it hardly needs the citation of authority to sustain it. It is broadly laid down in Anthony v. Wheeler (9 Cow., 88), Williams v. Woodward (2 Wend., 487), Quackenboss v. Clark (12 Id., 555), and approved in Bedford v. Terhune (30 N. Y., 453). All the facts are admitted Avhich are required to make out the plaintiffs’ case. No one thing is denied, except the assignment; and‘the occupation proves that.
I am at a loss to see how the answer can avail the defendants, even if it is conceded Planer had an interest to-assign. The rule implies an assignment from the occupation and possession, when proved ;—why does not the-same implication result from the admission ? It was the-duty of the defendants to have met the case stated in the complaint, by their answer and proofs. Savage, J., says, (in Quackenboss v. Clark), the fact of assignment is a transaction between the defendants and lessees, of which the plaintiff is not cognizant; the defendants are ; there is no hardship in concluding them by their possession, “unless they disclose the true state of their title. They might have set up and shown they were under-tenants ; they might have set up. and proved the term had expired before they went into possession. These facts would have disproved an assignment, which, without such proof, would be inferred from the fact of possession.”
The conceded facts fix the liability of the defendants *146 for the use of the premises, and the plaintiffs’ right of action for the quarter’s rent of the year (30 N. Y., 458). In every aspect in which we have been able to view this case, though one of some difficulty, we think the judgment should be affirmed.
Judgment affirmed, with costs.

Present, Monell, Garvin and Jones, JJ.