ALONZO WRIGHT, Appellant, *v.* SAMUEL H. KELLEY, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1871.)

A provision in a written assignment of a lease, written thereon as follows: " He (the assignee), to pay the rent, &c., as herein provided as fully as I am bound to pay the same;" imports an obligation on the part of the assignee, to pay, coextensive with the assignor's liability, and no further.

A lease for years to two partners, reserved to the lessor the right to re-enter if they assigned, and the lessees occupied the demised premises, under it,

Wright *v.* Kelley.

for the firm business; before expiration of the term one partner sold his interest in the copartnership, to a purchaser who became a member of the firm in his stead, and who, thereupon, informed the lessor of his purchase, and assured him that he would remain upon the premises permanently, and pay rent, and was given permission to occupy, on signing his name to the lessor's duplicate lease, beneath the other signatures, and did occupy accordingly with the other lessor and his successor until he made to the defendant an assignment, written upon the lease of his interest therein, which contained a clause as follows: " He (the assignee), to pay the rent, &c., as herein provided, as fully as I am bound to pay the same ;" the defendant also took possession, but afterward assigned his interest in the lease and gave possession to others. Rent which had accrued during the occupation of the defendant's assignees, remaining due and unpaid, the plaintiff, one of the original lessees, took from the lessor an assignment of all his rights under the lease, and also from the defendant's assignor an assignment of his rights under the assignment to the defendant, and covenant therein, and brought this action to recover such rent.—*Held*, that the defendant's assignor was not liable for the rent, and that the action could not be maintained.

Whether the defendant's assignor occupying jointly with an original lessee would be presumed an assignee of the lease from his occupancy and payment of rent, the term being unexpired, *quere.* But he was not liable, as assignee, for rent which accrued after he parted with his title and possession under the lease ; nor did he become liable as lessee, by merely signing his name upon the lease; and signing after the lease had gone into effect his liability was not that of surety.

If the signature of the defendant's assignor made him party to the lease, and liable as lessee, the signing was an alteration of the contract which discharged prior parties, not consenting, from liability under it.

THIS was an appeal from a judgment entered upon the decision of Mr. Justice FOSTER, at Special Term in Onondaga county, directing a dismissal of the plaintiff's complaint.

The action was for rent due upon a lease. Upon the trial the plaintiff proved that on the 1st of March, 1865, a lease was executed and delivered by Horace K. White to Alonzo N. Wright (the plaintiff), and Thomas Lunn, of certain premises in Syracuse, for the term of five years, from May 1, 1865, at an annual rent payable in quarterly installments, which was signed by both the lessor and lessees, in duplicate, and contained with other conditions that the lessees should " not sell, underlet or assign the premises or any part thereof," and a provision that the lease, on the breach of any of its con

ditions might, at the option of the lessor be rescinded, and immediate possession of the premises recovered by him.

Wright & Lunn entered into possession under the lease and occupied the premises together until February 18, 1867, when Wright was succeeded by one Warren, and about that time Warren, at White's request, but without the knowledge or consent of Wright or Lunn, signed the lease under their signature.

Warren & Lunn occupied the premises jointly from February 18, 1867, to October 18, 1867, when Lunn was succeeded by one Fisk, and Warren & Fisk jointly occupied until March 28, 1868, when the defendant succeeded Warren. Defendant and Fisk occupied until May 15, 1868, when defendant was succeeded by one Titus.

Warren's assignment to the defendant on the 28th day of March, 1868, was written upon the lease as follows, viz. :

" For value received, I do hereby sell, transfer and assign all my right, title and interest in the within lease to Samuel H. Kelley, he to pay the rent, &c., as herein provided, as fully as I am bound to pay the same, and I guarantee that I have good right to make this transfer and assignment.

"S. C. WARREN.

" Dated *March* 28, 1868."

Soon after May 15, 1868, the lessor required Fisk & Titus to sign the original lease, under the names of original lessees and of Warren, and they did so beneath the signature of Warren, and without the knowledge or consent of Wright, Lunn, Warren or the defendant. Fisk & Titus occupied for some time and then Titus occupied alone, and was the sole occupant at the time that the rent for which the action was brought had accrued, viz., for the quarter's rent which fell due on the 1st of November, 1865, which remained unpaid.

Before the action commenced, White assigned to the plaintiff all his rights under the lease, and Warren assigned all his rights under the assignment and covenant by the defendant.

The court found as a matter of law, that the plaintiff was not entitled to recover, and that the complaint should be dismissed, and ordered judgment for the defendant, with costs, and the plaintiff appealed from the judgment entered.

*Ruger, Wallace & Jenney,* for the appellant.

*N. B. Smith,* for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J.  Whether this action can be maintained against the defendant, must depend upon the question, whether Warren, his assignor, was liable to the landlord or any other party to the lease, for the quarter's rent in question.  The assignment from Warren to the defendant was in terms, "he to pay the rent, &c., as herein provided, as fully as I am bound to pay the same."  This is an implied obligation on the part of the defendant, to pay, coextensive with Warren's liability, and no further.  As mere assignees of the original lease, neither the defendant nor Warren could be made liable for the rent in question, as it did not accrue while either of them were assignees, but long after each of them had assigned his interest, and had gone out of possession of the demised property.

An assignee of a lease is only liable for rents accruing or covenants broken while he is assignee.  (*Armstrong* v. *Wheeler,* 9 Cow., 88 ; *Childs* v. *Clark,* 3 Barb. Ch., 52; *Astor* v. *L'Amoreux,* 4 Sand., 524; *Day* v. *Swackhammer,* 2 Hilt, 4.)

The original lease was between White, the landlord, and Wright and Lunn, the tenants, and was for the term of five years.  Wright and Lunn were partners and carried on their business upon the demised premises.  Within a few weeks after this lease was executed, Warren, the defendant's assignor, bought out Wright's interest in the business, and went into the same business as a partner with Lunn, on the

demised premises. It does not appear that there was any assignment from Wright to Warren of the lease, or of his interest in the term created by the lease. All that appeared on that subject is, that Warren informed the landlord that he had bought out Wright's interest in the business, and wanted the landlord's consent that he might occupy the premises, and upon his assurance that he would remain there permanently and pay the rent, the landlord required him to sign his duplicate of the lease which he did, and went into possession and occupied as a partner with Lunn. His name was not inserted in the body of the lease, but only added to it at the bottom below the other signatures then upon it. There is no pretence that he signed as surety for the original lessees, or either of them, for his signature was attached long after the lease had gone into effect.

Upon this state of facts I do not see how the covenants in the lease, for the payment of rents, were binding upon Warren, or could have been enforced against him. He was not occupying alone, but jointly with one of the original lessees as a partner. Had he been occupying alone the law would have presumed him to be assignee, from the mere fact of his occupancy and payment of rent, the term being unexpired. (*Williams* v. *Woodard*, 2 Wend., 487; *Provost* v. *Calder*, id., 517; *Bedford* v. *Terhune*, 30 N. Y., 453.) But it may be doubted whether his occupany in connection with one of the lessees could raise any presumption of that kind against him. But as mere assignee, as we have already seen, he was in no respect liable for the rent in question. His liability, if it existed at all, must rest upon the ground, that he was in fact and in law, a lessee of the premises, and bound as such for the payment of all the rent during the entire term. Was he such lessee, and did he become vested with the ownership of the term merely by affixing his name to the lease in that way? I think not. He is not named in the body of the lease. The lease is to other persons who had covenanted to pay the rent. The estate of a term of years had vested in the plaintiff and Lunn, and was in them when Warren put

his name to the lease. How did the plaintiff become divested of his title? He did not assign it, so far as the case shows, and for ought that appears it remained in him up to the expiration of the term. There are no words of demise to Warren, nor of covenant or promise by him; and how can the mere writing his name in blank upon the lease, after it had taken effect, and the rights of other parties become fixed and vested under it, operate either as a demise, or a covenant to pay rent. It is quite certain that it could have no such operation and effect in law. (*Chauncey* v. *Arnold*, 24 N. Y., 330; *Hibblewhite* v. *McMorine*, 6 Mees. & Welsb., 200.) The principle upon which the assignee of a term created by a lease is liable to the landlord for the rent reserved, without express promise, is, that there is a privity of estate between them. But in order to make a party liable for rent, which another has expressly covenanted to pay, there must be either privity of estate, or an express promise, and here in the case of Warren, there was neither.

He had made no express promise to the plaintiff, so far as the case shows, and none to the landlord other than what the law implies from indorsing his name on the lease in blank. A person occupying under such circumstances, might be liable for use and occupation, to the owner of the term, but not by reason of the covenant in the lease. This, however, should be only for the period of his occupancy. The action is brought and sought to be maintained, upon the theory that Warren became legally bound to the landlord to pay the rent reserved by the lease for the entire term, and that the defendant is liable by virtue of his undertaking with Warren. But all the agreement between the landlord and Warren that appears, was, that he might occupy if he would sign his name to the lease, which was done. By that act he incurred no liability to the landlord, unless it can be construed as constituting him lessee, or assignee of the then existing lease. The verbal negotiation culminated in the signature to the lease, and does not extend beyond that, nor was it designed that it should; the foundation of the action, therefore, fails entirely.

If, however, it should be conceded that by signing the lease under the circumstances Warren became lessee of the premises, the lease then became a new lease, and operated in law as a surrender of the former lease. And upon this principle when Fisk & Titus signed the same lease afterward, the lease to Warren was surrendered and he was in no respect liable for the rent in question, which accrued for the quarter due November 1, 1869, more than a year and a half after both plaintiff and defendant had quit the premises and Fisk & Titus had signed the lease and taken possession. On the other hand, if we were to hold that these parties who signed the lease after it was first executed and took effect, became parties to it as an existing lease, and that it did not thereby become a new lease so as to effect a surrender of the lease as it was before ; then it operated as an alteration of an existing lease and discharged all prior parties thereto who did not consent to the alteration. (*Chappell* v. *Spencer*, 23 Barb., 584, and cases there cited.) In this view not only Warren, but the plaintiff, and defendant, and all others in any way connected with the lease, or the premises before that time, were discharged from liability when the lease was altered by the landlord, by making Kelley & Titus parties to it, without the consent of prior parties.

In any view of the case, therefore, the plaintiff has no right of action, and his complaint was properly dismissed.

Judgment affirmed.