## VOLUME 45.

AND

## New York State Reporter,

## VOLUME 79.

---

(20 Misc. Rep. 144.)

### SPROUL v. CONKLING.

(Supreme Court, Appellate Term. April 26, 1897.)

USE AND OCCUPATION—OUTSTANDING LEASE.
 A recovery for use and occupation may be had against a tenant in pos-
 session, though there was an outstanding lease to a third person, where the
 tenant did not show whether she was in possession by virtue of any agree-
 ment with the lessee.

Appeal from Eleventh district court.

Action by Mary Sproul against Ella S. Conkling for use and
occupation of real estate. There was a judgment in favor of
plaintiff, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Booram, Hamilton, Beckett & Ransom (R. S. Ransom, of coun-
sel), for appellant.

J. M. Ferguson, for respondent.

McADAM, J. The action is for use and occupation of the dwell-
ing No. 153 West Ninety-Third street, New York City. The recov-
ery allowed was for July and August, 1896. The evidence estab-
lished that the defendant occupied the premises from September 1,
1895, until the latter part of August, 1896, when she moved away,
and a person name Quinn succeeded her as tenant in possession.
The defendant pleaded a general denial of the allegations of the
complaint, and depended for her defense on a written lease of the
premises, under seal, made by the plaintiff, as landlord, to one Ellen
Howland, as tenant, dated July 31, 1895, whereby the premises were
demised to said Howland for one year from September 1, 1895,

"with privilege of two," at the monthly rent of $129.16, payable in advance. The defendant testified that Mrs. Howland took possession at the commencement of the lease; that during the first month of the term the latter lost her son, and, in consequence of nervous prostration, resulting from the affliction, was compelled to move. It does not appear that Mrs. Howland ever returned to the premises. The defendant was also in possession September 1, 1895, and remained in actual possession, and according to the evidence of the plaintiff paid all the rent, excepting that for July and August, 1896. She paid $40 on account of the rent for those months, and promised to pay the balance due. The plaintiff testified that the defendant paid the May and June rent in advance by a check for $258.32 (being the exact amount thereof), and that the payment of two months' rent instead of one was made as an accommodation to the plaintiff, because she needed the money at the time. The defendant, on the other hand, claimed that the $258.32 was a loan to the plaintiff, and that the $40 credited on the July and August rent was also a loan. The justice decided that these sums were not loans, but payments on the rent, and we are not disposed to question the accuracy of this finding. The evidence established a clear case of occupation of the plaintiff's property by the defendant in recognition of the plaintiff's title as landlord under an agreement to pay $129.16 monthly rent in advance, followed by payments at that rate up to July 1, 1896, with a payment of $40 on account of the rent for July and August, 1896, and a promise to pay the balance claimed.

The only question seems to be whether the outstanding lease to Mrs. Howland prevents the maintenance of the action. In his opinion the justice says:

"The lease between the plaintiff and Ellen Howland seems to have been abandoned, and her possession surrendered, if, indeed, she ever had possession. * * * If, however, the lease should be regarded as not having been surrendered, then the defendant would still be liable, under the evidence, as assignee under the lessee. A party in possession is prima facie assignee of the term."

These conclusions seem amply warranted by the evidence. While the abandonment of the lease to Mrs. Howland and a new hiring by the defendant might perhaps be inferred from the conduct of the parties (Number 121 Madison Ave. v. Osgood (Com. Pl.) 18 N. Y. Supp. 126), we think there are more substantial reasons for holding that on the evidence the lease continued in force, and the defendant became liable as assignee of the term. In Glover v. Wilson, 2 Barb. 264, it was held that the action of assumpsit for use and occupation will not lie during the existence of an outstanding lease of the same premises, unless upon evidence that the defendant went into possession under some new agreement of letting and hiring between him and the landlord. The court also held that, if the occupier in that case had been sued upon the lease, there was evidence which would have warranted the jury in finding that he was in possession as assignee of the term, and consequently liable in covenant for the rent claimed by virtue of his privity of estate with the lessor. The reason is given in Quackenboss v.

Clarke, 12 Wend. 555, 556, wherein the court (per Savage, C. J.) said:

"The fact of possession is sufficient evidence of an assignment in the first instance. * * * The fact of an assignment is a transaction between the defendant and the lessee, of which the plaintiff is not cognizant, but the defendant is. There is no hardship, therefore, in concluding him by his possession, unless he discloses the true state of his title."

The same was held in Armstrong v. Wheeler, 9 Cow. 88, and Williams v. Woodard, 2 Wend. 487, and these cases were approved, and the doctrine established by them reiterated, in Bedford v. Terhune, 30 N. Y. 453. See, also, Frank v. Railroad Co., 7 N. Y. St. Rep. 814, 822.

The defendant did not show that Mrs. Howland had sublet the premises to her, or that she was in possession thereof as her agent; nor did she explain in any manner the true state of her title, which, under the authorities cited, was presumptively that of assignee of the term, in which character she was, therefore, liable to the plaintiff on the privity of estate. If the defendant is to be held as assignee, and not as tenant under an independent hiring, it may be that the action should have been in covenant on the sealed lease; but, as that specific objection was not taken below, it cannot be urged now. The ground taken by the defendant at the trial was that she was not liable to the plaintiff in any form of action, and she cannot take a position now inconsistent with that taken then, when the objection, if specifically made, might have been obviated by amendment. Bedford v. Terhune, supra; Kafka v. Levensohn, 18 Misc. Rep. 202, 205, 41 N. Y. Supp. 368; Farmers' Loan & Trust Co. v. Housatonic R. Co., 152 N. Y. 251, 254, 46 N. E. 504. The complaint in Bedford v. Terhune, supra, was "for use and occupation." There was an outstanding lease to third parties; and, while the court decided that an action would not lie in the form presented in the declaration, it held that the defendant could nevertheless be held as assignee of the term. In sustaining the recovery the court said (at page 461):

"Aside from the principle on which such a recovery may be supported, the circumstances of the case justify the court in permitting the plaintiff to take judgment for the rent. First. The amount claimed and recovered is the rent due by virtue of the lease. Second. The plaintiff, on the proof given by him when he rested, was entitled to recover for use and occupation. And it was the defendants' proof of the lease that produced the difficulty in the case. Even the grounds of this defense are not set out in the pleadings. He was not surprised. He held in his own hands the evidence which defeated an action for use and occupation, and which authorized a recovery on the lease."

The judgment must be affirmed, with costs. All concur.