(26 Misc. Rep. 769.)
### SHANNON v. ARNHEIM.

(Supreme Court, Appellate Term.   March 24, 1899.)

LEASE—SURRENDER—NEW LETTING.

Plaintiff executed a lease to one W., to which his wife was not a party. W. went into possession, and, after paying the rent to a certain time, went away, and the wife, during a portion of the time which she occupied the house after her husband was away, paid the rent. *Held* not to show a surrender and reletting, so as to render her liable for the rent.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Annette Shannon against Catherine Arnheim. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

A. J. Skinner, for appellant.

James A. Seaman, for respondent.

LEVENTRITT, J.   The plaintiff in this action sought recovery against the defendant for the rent of the premises 269 West Seventieth street, for the month of July, 1898.   Both Catherine Arnheim and her husband, William Arnheim, were named as parties defendant; but, the latter not having been served, the action, on motion of plaintiff's counsel, proceeded against Catherine Arnheim alone.   A written indenture of lease for the premises in question from the 1st day of October, 1897, to the 1st day of October, 1898, and therefore covering the month mentioned, was introduced in evidence.   This lease was executed by the plaintiff and William Arnheim.   The defendant Catherine Arnheim was not a party thereto.   Obviously, therefore, only the husband was liable for the rent, unless a surrender of the lease and a new letting to the defendant had been shown. Laughran v. Smith, 75 N. Y. 206; Bedford v. Terhune, 30 N. Y. 453; Ballou v. Baxter (Sup.) 8 N. Y. Supp. 15.   William Arnheim went into possession with his family, and remained in the house until May, 1898, when he left, his wife and children continuing to occupy the premises.   To the time of his departure he paid the rent, while for the months of May and June she advanced the money.   She occupied the premises for the first half of July, and offered the plaintiff $65 for that portion of the month.   The appellant relies on that offer, and on her willingness to pay the rent for the time she occupied the house, to sustain the contention that the defendant was chargeable with the July rent.   This contention is unsound.   In view of the outstanding lease, the defendant was not liable to the plaintiff for use and occupation.   Glover v. Wilson, 2 Barb. 264; Bedford v. Terhune, supra.   There was neither a surrender of the lease nor a new letting to the defendant, and consequently no assumption by her of liability for rent.   William Arnheim alone is liable, and the plaintiff must seek her remedy against him.   The judgment should be affirmed.

Judgment affirmed, with costs to the respondent.   All concur.